# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC, )
*a Florida limited liability company*, )
                                  Plaintiff, )

v. )

ANTHONY PERERA, )
*an Individual,* )

DOUGLAS PERERA, SR., )
*an Individual*, )

and )

AIR PROS, LLC, )
*a Florida Limited Liability Company* , )
                               Defendants. )

## COMPLAINT

Plaintiff AROUND THE CLOCK A/C SERVICE, LLC, (hereinafter "Plaintiff" or "Air Around the Clock"), by and through its undersigned counsel, brings this action against Defendant ANTHONY PERERA and Defendant DOUGLAS PERERA, SR, and Defendant AIR PROS LLC (collectively, "Defendants"), for trademark infringement under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act") and trademark infringement under Fla. Stat. § 495.131.

## NATURE OF ACTION

1. This suit arises from Defendants' unauthorized use and misappropriation of Plaintiff's protected trademark, AIR AROUND THE CLOCK, in connection with the sale,

offering for sale, distribution, or advertising of services that are essentially identical to the services Plaintiff uses its mark to identify.

2. Defendants have been and are presently using an exact reproduction of Plaintiff's registered AIR AROUND THE CLOCK service mark (or "trademark") in connection with heating and cooling device installation and maintenance related services (or "air conditioning related services"). Defendants' unauthorized use of Plaintiff's service mark in connection with the marketing and provision of substantially identical services is not only likely to cause confusion, or to cause mistake, or to deceive, it is intended to capitalize on the goodwill and reputation of Plaintiff and/or trick members of the public that are looking to utilize Plaintiff's services into utilizing or inquiring into Defendants' services or otherwise believing that Defendants' services are from, sponsored by, or approved by Plaintiff. Through its use of Plaintiff's service mark in connection with competing air conditioning related services, Defendants are knowingly and willfully relying on Plaintiff's past advertising and fame, as well as the goodwill symbolized by the service mark and the credibility appurtenant thereto due to Plaintiff's years of providing quality services and good value, in order to make a profit for themselves.

3. Plaintiff now brings this action for injunctive and other relief under the Lanham Action for trademark infringement, as well as under the Florida Statutes for deceptive and unfair trade practices and trademark infringement. Plaintiff seeks to prevent further unauthorized use and misappropriation of its service mark by Defendants; to cause Defendants to cease and desist from further defrauding the American public; and to recover damages arising from Defendants willful and bad faith actions and other wrongful acts.

## PARTIES

4. Plaintiff is a Florida limited liability company having its principal place of business in Broward County, Florida.

5. Upon information and belief, Defendant Anthony Perera is an individual and president and owner of Air Pros LLC and, along with Defendant Douglass Perera, Sr., is a moving, conscious, and active force behind the acts of trademark infringement and deceptive and unfair trade practices, and actively participates in and approves the acts of trademark infringement and deceptive and unfair trade practices. Upon information and belief, Defendant Anthony Perera is over the age of 18, sui juris, and resides in Broward County, Florida.

6. Upon information and belief, Defendant Douglass Perera, Sr. is an individual and owner/operator of Air Pros LLC and, along with Defendant Anthony Perera, is a moving, conscious, and active force behind the acts of trademark infringement and deceptive and unfair trade practices, and actively participates in and approves the acts of trademark infringement and deceptive and unfair trade practices. Upon information and belief, Defendant Douglass Perera, Sr. is over the age of 18, sui juris, and resides in Broward County, Florida.

7. Defendant Air Pros LLC is an administratively dissolved Florida limited liability company having its principal place of business in Broward County, Florida.

## JURISDICTION AND VENUE

8. This action arises under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 US.C. §1051 et seq., and Florida state law. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, 1338(a), 1338(b), and 15 U.S.C. §1121, in that this action arises under Acts of Congress relating to trademark. This Court has supplemental jurisdiction over

- 4 -

the Florida state law claims pursuant to 28 U.S.C. 1367 in that the claims are so related to the trademark infringement claim that they form part of the same case and controversy.

9. This Court has personal jurisdiction over Defendants because Defendants each maintain their principal place of business in this district, have committed acts of trademark infringement, deceptive and unfair trade practices, and/or unlawful acts in this district, and regularly engage in pervasive business activities in this district.

10. Venue is proper as to Defendants in this district under 28 U.S.C. §1391(b) and 1391(c) because a substantial part of the events giving rise to the claims herein occurred in this district and because Defendants each have a regular and established place of business in this district and are subject to personal jurisdiction in this district. Upon information and belief, Defendant Douglass Perera, Sr. and Defendant Anthony Perera reside in this district.

## FACTUAL BACKGROUND

11. Plaintiff was founded as Around the Clock A/C Service Inc. to provide air conditioning related services in South Florida to customers located in South Florida and throughout the U.S. On December 5, 2007, Around the Clock A/C Service Inc. was converted to Around the Clock A/C Service LLC.

12. Plaintiff is in the business of marketing, selling and performing air conditioning related services, including installation and repair service as well as prepaid preventative maintenance service plans, in interstate commerce through both its principal place of business in Coral Springs, Florida and on the Internet through a website at the following URL: www.ATCAIR.COM.

13. Plaintiff adopted its AIR AROUND THE CLOCK trademark in 1988 to identify its air conditioning related services and distinguish its services from other air conditioning

- 5 -

services and service providers. Specifically, Plaintiff has used AIR AROUND THE CLOCK prominently on its trucks, website, marketing and promotional materials, business cards, signage and billboards, and in other marketing materials for at least its air conditioning related services. Since 1988, Plaintiff has continuously used its trademarks in commerce in connection with the marketing, selling and performing of Plaintiff's air conditioning related services and has acquired substantial goodwill in connection with its use of the AIR AROUND THE CLOCK mark.

14. The AIR AROUND THE CLOCK mark has been used by Plaintiff in commerce in connection with the marketing, selling and performing of air conditioning related services to customers from the state of Florida and from other states since 1988. Plaintiff has continuously used the AIR AROUND THE CLOCK mark in commerce in connection with the marketing, selling and performing of air conditioning related services to customers from the state of Florida and from other states since 1988.

15. Plaintiff has used the domain name "ATCAIR.COM" in interstate commerce in association with air conditioning related services offered under the AIR AROUND THE CLOCK mark on the Internet since 1999.

16. The phrase which comprises the literal element of the AIR AROUND THE CLOCK mark, namely "Air Around the Clock" are arbitrary as applied to air conditioning related services.

17. Plaintiff is the owner of a federal trademark registration for its AIR AROUND THE CLOCK mark in connection with air conditioning related services (more fully described in the certificate of registration attached hereto). Federal registration number 3,923,076 is directed at the text "Air Around the Clock" in standard characters.

- 6 -

18.     Plaintiff is also the owner of a Florida trademark registration for its AIR AROUND THE CLOCK mark in connection with air conditioning related services (more fully described in the certificate of registration attached hereto).  Florida registration number T08000000131 is directed at the text "Air Around the Clock" in standard characters.

19.     Plaintiff's federal and state trademark registrations are valid and subsisting, and Plaintiff's Federal trademark registration 3,923,076 is incontestable.  A copy of the registrations are attached to this Complaint as **Exhibit A** and hereby incorporated by this reference.

20.     Plaintiff's registrations are generally prima facie evidence of Plaintiff's exclusive right to use and authorize the use of the AIR AROUND THE CLOCK mark in commerce in connection with the air conditioning related services as detailed in the registration.

21.     Plaintiff's incontestable Federal trademark registration 3,923,076 is conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the registered mark, and Plaintiff's exclusive right to use the mark with the registered goods and services.

22.     Plaintiff has expended considerable sums in marketing its air conditioning related services and has exerted every effort to maintain the highest standard of quality for said services, creating goodwill under the AIR AROUND THE CLOCK mark and the domain name ATCAIR.COM among the purchasing public.  Consumers in Florida and from other states have come identify Plaintiff for, *inter alia*, air conditioning services provided under the AIR AROUND THE CLOCK mark and to trust Plaintiff for its fair and honest dealings in air conditioning related services provided under said mark.

23.     Plaintiff has enjoyed considerable success and is well known as the source of origin of air conditioning related services to consumers from Florida and from other states under the AIR AROUND THE CLOCK mark for over thirty years.

- 7 -

24. After Plaintiff's adopted and continuously used its AIR AROUND THE CLOCK mark, Defendants began marketing, selling, offering for sale, and/or advertising their air conditioning related services in Florida generally and, more specifically, in this District, using the phrase "Air Around the Clock" on at least its website. A true and correct copy from September 30, 2019, of the page www.airprosusa.com/air-around-the-clock on Defendants' website is attached to this complaint as **Exhibit B**, and incorporated by this reference.

25. By using the phrase "Air Around the Clock," Defendants have adopted and commenced using an exact reproduction of Plaintiff's AIR AROUND THE CLOCK mark in connection with the marketing, offering for sale, sale, and provision of air conditioning related services.

26. Plaintiff owns rights in Florida and throughout the United States in and to the AIR AROUND THE CLOCK mark for air conditioning related services which are superior to any rights which Defendants may claim in and to said mark in any form or style with respect to air conditioning related services.

27. Plaintiff has not in any way authorized Defendants' use of "AIR AROUND THE CLOCK" as a trademark or otherwise for any goods or services.

28. Defendants and their air conditioning related services are not approved by, sponsored by, associated with, or in any way offered by Plaintiff, or done so with the permission or participation of Plaintiff.

29. Defendants' use of an exact reproduction of Plaintiff's AIR AROUND THE CLOCK mark to advertise and promote their air conditioning related services has occurred and continues to occur with actual notice of Plaintiff's trademark rights as Defendants have identified Plaintiff as a competitor in news publications.

- 8 -

30. Defendants' use of an exact reproduction of Plaintiff's AIR AROUND THE CLOCK mark to advertise and promote their air conditioning related services has occurred and continues to occur with constructive notice of Plaintiff's trademark rights by virtue of Plaintiff's federal trademark registration.

31. On information and belief, Defendants' selection and use of the phrase "Air Around the Clock" in connection with the advertising of services in which Plaintiff and Defendants directly compete was done with full knowledge of Plaintiff's AIR AROUND THE CLOCK mark.

32. On information and belief, Defendants' use of "Air Around the Clock" on its website has been a willful, intentional, and deliberate, course of action designed specifically to trade upon the goodwill associated with Plaintiff's AIR AROUND THE CLOCK mark.

33. By using the substantially identical phrase "Air Around the Clock" in violation of Plaintiff's exclusive trademark rights in the AIR AROUND THE CLOCK mark, Defendants have and/or are attempting to unfairly profit from the name, reputation, and advertising of Plaintiff.

34. Defendants' use of "Air Around the Clock" to promote its air conditioning related services which are offered in competition with Plaintiff's air conditioning related services causes the likelihood of confusion, mistake or deception as to whether its services are sponsored, affiliated, or approved by Plaintiff or whether Plaintiff's services are sponsored, affiliated, or approved by Defendants. Such conduct by Defendants deprive Plaintiff of the ability to control the quality of the services marketed under the infringed mark, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

- 9 -

35. Plaintiff has received unsolicited communications from at least one consumer in which it was indicated that the customer contacted and scheduled an appointment with Defendants, believing that she contacted and scheduled an appointment with Plaintiff. A true and correct copy of an answering service message received in September of 2019 (with personal information redacted), is attached to this complaint as **Exhibit C**, and incorporated by this reference.

36. The goodwill of Plaintiff in air conditioning related services that has been acquired over the last thirty years under its AIR AROUND THE CLOCK mark is of significant value, and harm to such goodwill is irreparable.

37. Plaintiff has been and will continue to sustain damages which include lost income, profits, and business opportunities as well as irreparable harm to its business, reputation and goodwill as a direct and proximate result of Defendants' actions.

38. Plaintiff has no adequate remedy at law for the acts of infringement and other unlawful acts complained of herein and such acts have caused and will continue to cause damage and irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violations of Plaintiff's rights.

39. Defendants' actions will continue unless enjoined by this Court.

40. Plaintiff has retained the law firms of Law Office of Elias R. Hilal, P.A. and The Keys Law Firm, PLLC to represent its interest in these proceeding and is obligated to pay the firms a reasonable attorney's fee and court costs, which fees and costs are recoverable from Defendants under federal and state law.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

41. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40.

42. Plaintiff owns an incontestable federal trademark registration for its AIR AROUND THE CLOCK mark in standard characters.

43. Defendants' adoption and use of "Air Around the Clock" constitutes an unauthorized use of Plaintiff's registered mark, or a colorable imitation of the same, in commerce in connection with air conditioning related services.

44. Defendants' adoption and use of "Air Around the Clock" has caused consumer confusion and create a likelihood of consumer confusion, mistake or deception as the mark is employed by Defendants to direct commerce to a competing air conditioning related services to the exclusion of Plaintiff's air conditioning related services.

45. Defendants' infringing actions have been committed, and continue to be committed, with constructive and actual notice of the Plaintiff's registered mark and the knowledge that such actions have caused and are likely to cause confusion, mistake or deceit, and demonstrate an intentional wrongful and bad faith intent to trade on the goodwill associated with Plaintiff's registered mark.

46. Defendants are causing and are likely to cause substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits and Plaintiff's actual or statutory damages, costs, and reasonable attorneys fees.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

**COUNT II**
**DECEPTIVE AND UNFAIR TRADE PRACTICES**
**UNDER FLA. STAT. §§ 501.201 et seq.**

47. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40.

48. Defendants' conduct in (1) infringing Plaintiff's trademark by using "Air Around the Clock" to promote its air conditioning related services, (2) intentionally adopting and extensively using "Air Around the Clock" in commerce in connection with air conditioning related services to deceive consumers as to its and Plaintiff's relationship and identity, and (3) otherwise committing the acts set forth in this Complaint is particularly designed to confuse the public and thus constitutes unfair and deceptive conduct.

49. As Plaintiff and Defendants are direct competitors, Defendants' conduct causes Plaintiff damage by causing lost sales and depriving Plaintiff of customers and potential customers, particularly customers who were <u>specifically looking for Plaintiff</u>.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER FLA. STAT. § 495.131

50. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40.

51. Defendants' use of "Air Around the Clock" in its advertising of and offers to provide repair, maintenance, and installation of air conditioning appliances has caused, now causes, and is likely to cause confusion, mistake, or deception of the public.

52. Defendants' actions constitute infringement of Plaintiff's registered mark, Registration No. T08000000131, in violation of Fla. Stat. § 495.131 and has weakened the distinctive quality of Plaintiff's trademark and tarnished Plaintiff's goodwill, resulted in Plaintiff having no control over the nature and quality of the services offered under Plaintiff's trademark, and caused Plaintiff to lose sales.

53. As a result of Defendants' infringing actions, Plaintiff has suffered and, unless enjoined by this Court, will continue to suffer, serious and irreparable injury and damage to its valuable trademark.

54. Defendants' infringing actions have been committed, and continue to be committed, with actual notice and constructive notice of the Plaintiff's trademark rights and the knowledge that such actions have caused and are likely to cause confusion, mistake or deceit, and demonstrate an intentional wrongful and bad faith intent to trade on the goodwill associated with Plaintiff's mark.

55. Plaintiff has no adequate remedy at law.

56. Defendants are causing and are likely to cause substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits and Plaintiff's actual or statutory damages, costs, and reasonable attorneys fees.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief against Defendants:

a) entry of judgment declaring that Defendants have infringed Plaintiff's trademark and have engaged in deceptive and unfair trade practices in violation of Fla. Stat. §520.201 et seq.;

b) a preliminary injunction, thereafter to be made permanent, which enjoins Defendant, its officers, directors, agents, servants, employees, successors and assigns and all others in concert and privity with it, from using the Plaintiff's AIR AROUND THE CLOCK mark, or a colorable imitation (including "Air Around the Clock") in

connection with air conditioning related services or any products and services which would reasonably be thought by the buying public to come from Plaintiff;

c) entry of an order requiring Defendants to account to Plaintiff for any and all benefits or profits derived by Defendants' from the use of the copyrighted material and acts of false designation of origin and unfair competition, for all damages sustained by Plaintiff by reason of the acts of infringement and deceptive trade practices, together with interests and costs; and pay for corrective advertising;

d) entry of an order declaring this case as exceptional, trebling said damages and awarding reasonable attorneys fees due to the egregious nature of Defendants' acts;

e) entry of an order requiring Defendants to immediately provide to all of their advertisers, distributors, suppliers, and all others with whom they do business a copy of the Court's injunction order, and otherwise inform them in writing that they must immediately cease, upon pain of contempt of the Court, the marketing and advertising of any air conditioning related services using Plaintiff's trademarks, or any confusingly similar trademark;

f) entry of an order requiring Defendants to deliver up and destroy all literature, advertising and other material bearing the infringing trademark or other designations for air conditioning related services and remove all of its infringement material from the Internet;

g) entry of an order requiring Defendants to file with this Court and serve on Plaintiff's counsel within thirty days after the entry of an order, a report, in writing under oath, setting forth in detail the manner and form in which they have complied with the terms of the order and judgment herein; and

h) such other and further relief as the Court may be just and proper.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a jury trial on all issues so triable as a matter of right.

On this 1st day of October, 2019.

    Respectfully submitted,

    **AROUND THE CLOCK AC SERVICE, LLC.**

    Respectfully submitted,

By: *Elias R. Hilal*
    Elias R. Hilal, Esq. (FBN 60,337)
    E-mail Address: Elias@whwlegal.com
    WILLIAMS HILAL WIGAND GRANDE
    633 SE 3rd Ave Ste 301
    Fort Lauderdale, Florida 33301
    Telephone: (954) 463-2065
    Facsimile: (954) 337-0117

    -and-

    James G. Keys, III, Esq. (FBN 63,943)
    E-mail Address: mail@keyslawfirm.com
    THE KEYS LAW FIRM, PLLC
    3350 SW 148th Ave, Ste 110
    Miramar, Florida 33027
    Telephone: (954) 519-2041
    Facsimile: (954) 519-2042
    *Attorneys for Plaintiff*

## VERIFICATION

I, Eric Pereira declare as follows:

I am authorized by Around the Clock A/C Service, LLC, the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof and the same are true based upon my personal knowledge except as to such matters therein stated to be on information and belief, and as to those matters I believe to be true. Pursuant to the provisions of 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct and further that these statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

                                                **AROUND THE CLOCK AC SERVICE, LLC.**

Executed this 1 day of October, 2019

By: _____
      Eric Pereira