UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC,

          Plaintiff,

vs.

ANTHONY PERERA, DOUGLAS PERERA, SR., and AIR PROS, LLC,

          Defendants.
_____/

CASE NO.: 0:19-cv-62437-KMM
Magistrate Judge Hunt

## THE PERERA'S MOTION TO DISMISS

Defendants, Anthony Perera, and Douglas Perera, Sr. (collectively, the "Pereras"), pursuant to Fed.R.Civ.P. 8 and 12(b), respectfully move this Court for entry of an Order dismissing the Complaint [ECF No. 1] for failure to state a claim and for failing to include sufficient factual allegations against them as individuals to satisfy the Federal Rules of Civil Procedure. In support of this Motion, the Pereras respectfully refer the Court to the Memorandum of Law below.

## MEMORANDUM OF LAW

### I. INTRODUCTION.

Plaintiff, Around The Clock A/C Service, LLC ("ATC"), seeks relief for an alleged trademark infringement. Even overlooking the question of whether the accused conduct constitutes trademark infringement, the Complaint is deficient in that the allegations directed to the Pereras, individually, are merely conclusory and are made entirely *upon information and belief*. Thus, the Complaint is devoid of sufficient factual allegations to satisfy the pleading requirements imposed by the Federal Rules of Civil Procedure. Accordingly, the Pereras should be dismissed as individual Defendants from this action.

1

## II. FACTUAL BACKGROUND.

ATC's allegations in this matter are directed primarily at the corporate Defendant, Air Pros, LLC ("Air Pros"). For example, the Complaint focuses on Air Pros' advertising. *See, e.g.,* Complaint, ¶¶ 24-25, 29-31. Given that ATC and Air Pros are direct competitors, such a focus is not surprising.

What is surprising is the utter lack of factual allegations directed to the individual Defendants, the Pereras. The entirety of the allegations specifically directed against the Pereras are confined to three paragraphs. (Complaint, at ¶¶ 5-6 & 10). Astoundingly, the two allegations accusing the Pereras of individual wrongdoing are made entirely "[u]pon information and belief," and without any further supporting factual allegations to explain why ATC believes it will ultimately establish that the Pereras personally participated in, or are otherwise responsible for, the alleged acts of infringement. *Id.,* at ¶¶ 5-6. The third paragraph, also made "[u]pon information and belief," is directed to the issue of where the Pereras reside for venue purposes. *Id.*, at ¶10.

Given the absence of substantive factual allegations necessary to support a claim against the Pereras, individually, it is apparent that ATC has adopted a "shoot first, ask questions later" approach to litigation. However, it is improper to assert allegations of wrongdoing without having a factual basis, and without performing an adequate pre-filing investigation, simply because a litigant hopes to find support for its claims in the course of discovery. In the absence of sufficient factual allegations in the Complaint, the claims against the Pereras must be dismissed.

## III. ARGUMENT.

### A. ATC's Complaint fails to satisfy Rule 8 pleading requirements.

ATC's Complaint fails to include sufficient factual allegations directed to the Pereras to survive a motion to dismiss. As such, the Complaint must be dismissed.

"To survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). A claim is facially plausible when the court can make a reasonable inference based on the *facts* pled that an opposing party is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" that amount to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* Rather, a complaint must contain sufficient *factual* content to nudge the claims "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570).

ATC's Complaint is merely a formulaic recitation of the elements of its causes of action, rendering it deficient through its failure to plead sufficient factual content. This is particularly true with respect to ATC's efforts to connect the Pereras, individually, to the claims. Rather than presenting factual allegations, ATC invokes the phrase "[u]pon and information and belief" because it has no basis for asserting such factual accusations. Specifically, ATC alleges *upon information and belief* that Anthony Perera and Douglas Perera, Sr., were "moving, conscious, and active force behind the acts of trademark infringement and deceptive and unfair trade practices" allegedly committed by Air Pros, and that they "actively participate[] in and approve[] the acts of

trademark infringement and deceptive and unfair trade practices." (Complaint, ¶¶ 5-6). Likewise, ATC's allegations regarding the use of the accused language are also asserted *upon information and belief,* and without any factual basis for making such allegations. (Complaint, ¶¶ 31-32). Such allegations are insufficient to support a claim that is plausible on its face. Indeed, the qualifier "upon information and belief" is not a substitute for an adequate pre-filing investigation, and was never intended to be *carte blanche* for asserting whatever specious and nefarious allegations a litigant desires to hurl at another, without regard for whether the claim is factually supportable and meritorious.[1]

When stripped of conclusory allegations—including those alleged with qualifying language such as "upon information and belief"—ATC's entire case against the Pereras, individually, is premised on the fact that they work for or hold positions with Air Pros. Those facts, standing alone, are insufficient to support the speculative allegations made "upon information and belief." As a result, ATC has failed to present any factual basis for its speculation that the Pereras engaged in any of the conduct alleged in the Complaint.

---

[1] When a party uses the qualifying language "upon information and belief" consistent with Rule 11, the party must still have some basis in fact for the allegations. The Rules do not tolerate allegations based on mere speculation. Rather, when alleging "upon information and belief," a litigant must also allege at least some factual basis that would constitute a "good reason to believe" that its conclusory allegations are "likely" to have evidentiary support. *See, e.g., Geisinger Med. Ctr. v. Gough,* 160 F.R.D. 467, 469 (M.D. Pa. 1994)("We reject the defendants' interpretation of the 1993 amendment to Rule 11 as giving them a general license to plead a claim first and then allowing them to conduct the necessary investigation in support of it."); *Agristor Leasing v. McIntyre,* 150 F.R.D. 150, 152 (S.D. Ind. 1993)("It is insufficient under the standards of Rule 11 simply to stake out a position and rely on the results of a post-filing discovery as a form of fishing expedition. Because some objective evidence of some surrounding or attendant circumstances from which criminal intent can be inferred will eventually be required to satisfy the ultimate burden of proof, it follows that such evidence should be searched for and required before filing the lawsuit.").

### B. The Complaint should be dismissed in its entirety as a "shotgun pleading."

ATC's Complaint is a typical "shotgun pleading," where "each count of the Complaint incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the either the claim, or the cause of action, appearing in a count's heading." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010). The Eleventh Circuit roundly "***condemns*** shotgun pleadings."[2] *Thompson*, 610 F.3d at 650 n.22 (emphasis added); *See also M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153, 1156 n. 1 (11th Cir. 2006) (shotgun pleadings are "frowned upon in this circuit"). Indeed, between 1985 and 2008, courts in this Circuit "explicitly condemned shotgun pleadings upward of fifty times." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981 n. 54 (11th Cir. 2008).

Here, *every* count "incorporates by references the allegations contained in Paragraphs 1 through 40." Considering that the claims purport to present three distinct legal claims asserted against three Defendants, it is apparent that ATC expects the Court to sift through those allegations and to determine for itself which allegations are applicable to each of the claims. As such, the Complaint is the quintessential shotgun pleading condemned by both this Court and the Eleventh Circuit.

The end result is a Complaint that violates this Court's shotgun pleading prohibition. The Complaint provides no notice to the Pereras of what wrongful conduct each is alleged to have

---

[2] Shotgun pleadings force the district court and each defendant to "sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991), *abrogated on other grounds as recognized in Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011). As a result, shotgun pleadings impede the administration of justice and "waste scarce judicial and parajudicial resources." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001). This Court itself has not hesitated to dismiss defective shotgun pleadings. *See, e.g., Karhul v. Vital Pharmaceuticals, Inc.*, No. 13-6078-CIV-COHN, 2013 WL 4047016, at *3 (S.D. Fla. Aug. 9, 2013.).

committed in support of each of the three (3) Counts for relief. The "mere formulaic recitation of a cause of action's elements" cannot save this shotgun pleading from a motion to dismiss for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Neither the Court nor the Pereras should be required to sift through the facts asserted in support of the myriad of claims in this improper shotgun pleading. Therefore, the Complaint must be dismissed in its entirety for failure to state a claim.

### C. ATC has failed to allege sufficient facts to support a claim for relief predicated on "copyrighted material."

As alleged in the Complaint, ATC seeks "any and all benefits or profits derived by Defendants' from the use of the copyrighted material…." (Complaint, Prayer for Relief, ¶c). Such relief is inappropriate where a litigant fails to assert a claim for copyright infringement and to take the other steps that must be taken prior to asserting a claim for infringement.

First, the Copyright Act of 1976 as amended, 17 U.S.C. §101 *et seq.,* expressly preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright…." 17 U.S.C. §301(a). Thus, a litigant seeking relief for "use of [] copyrighted material" is obligated to assert a claim for copyright infringement, and all other claims for relief premised on that copyrighted material are preempted.

Second, the Copyright Act prohibits litigants from instituting actions for infringement prior to obtaining a copyright registration or prior to the Copyright Office refusing registration of the work at issue. 17 U.S.C. §411(a). Indeed, the Supreme Court recently clarified that filing an application for copyright registration, as opposed to obtaining the registration itself, is insufficient to satisfy §411(a). *See Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC,* 139 S.Ct. 881, 887-888 (2019) ("outside of statutory exceptions…, §411(a) bars a copyright owner from suing for infringement until 'registration … has been made.'"). Here, ATC does not allege

sufficient facts to establish that it has a copyright registration for the copyrightable material for which it seeks to recover damages.

In the absence of a claim for copyright infringement, and without a copyright registration, ATC is precluded from asserting entitlement to relief predicated upon any "copyrightable material."

**IV.     CONCLUSION.**

Based on the foregoing, Defendants respectfully request this Court dismiss the Complaint.

Respectfully submitted,

By: *s/ Samuel A. Lewis*
_____
James A. Gale / Fla. Bar No. 371726
E-mail:  jgale@cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  slewis@cozen.com
Matthew N. Horowitz / Fla. Bar No. 98564
E-mail:  mhorowitz@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., 30th Floor
Miami, Florida 33131
Telephone:  305-358-5001

***Counsel for Defendants***