UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC,

          Plaintiff,

vs.

ANTHONY PERERA, DOUGLAS PERERA, SR., and AIR PROS, LLC,

          Defendants.
_____/

CASE NO.: 0:19-cv-62437-KMM
Magistrate Judge Hunt

## JOINT CONFERENCE REPORT

The parties, pursuant to the Court's Order [ECF No. 105], respectfully submit this Joint Conference Report and Joint Proposed Scheduling Order.

A.    <u>The likelihood of settlement</u>.

The parties have already started exploring settlement possibilities, but without any significant success. The parties have also discussed the possibility of conducting an early mediation.

The parties will notify the Court promptly in the event they reach a settlement.

B.    <u>The likelihood of appearance in the action of additional parties</u>.

Defendants are still contemplating the possibility of asserting counterclaims that may necessitate joining additional individuals in this action.

C.    <u>Proposed Limits on Time</u>.

    (i)    <u>To join other parties and to amend the pleadings</u>:

The deadline to join other parties should be Wednesday, March 11, 2020.

    (ii)    <u>To file and hear motions</u>:

All dispositive motions, including summary judgment motions, should be filed on or before Wednesday, October 7, 2020. Any motions to strike or exclude expert testimony, whether based

on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or any other basis, should be filed on Wednesday, October 7, 2020. All other motions *in limine* should be filed on or before Thursday, December 10, 2020.

    (iii)    <u>To complete discovery</u>:

The parties respectfully submit that discovery in this case can be completed in approximately 250 days. The parties' proposed pre-trial deadlines and trial date are attached in the proposed Schedule.

D.    <u>Proposals for the formulation and simplification of issues</u>.

The parties agree to cooperate with each other in an effort to formulate and simplify issues and eliminate frivolous claims or disputes.

E.    <u>The necessity or desirability of amendments to the pleadings</u>.

Although one of the Defendants has filed a response to the Complaint, it may become necessary to amend pleadings once the rest of the Defendants assert their defenses and any counterclaims they may have.

F.    <u>The possibility of obtaining admissions of fact and of documents, etc</u>.

The parties believe it will be possible to obtain admissions of fact and documents which should avoid unnecessary proof as discovery progresses. The parties further believe that it will be possible to stipulate to the authenticity of certain documents as discovery progresses.

G.    <u>Suggestions for the avoidance of unnecessary proof and cumulative evidence</u>.

The parties agree to cooperate in reaching stipulations of material facts and the authenticity of documents.

H. <u>Suggestions on the advisability of referring matters to a Magistrate Judge or master</u>.

The parties agree that discovery disputes should be referred to Magistrate Judge Hunt, but do not elect to have this case proceed before a Magistrate Judge for trial or other matters at this time.

I. <u>Preliminary estimate of the time required for trial</u>.

The parties believe that the trial will require 5-6 days.

J. <u>Requested date or dates for conferences before trial</u>.

The parties request that the Final Pretrial Conference be held on Friday, January 22, 2021, and that the trial be held during the period beginning on Monday, February 1, 2021.

K. <u>ESI Issues</u>.

The parties have reviewed the ESI Checklist on the Court's website, and are in the process of negotiating a Stipulated Protective Order that will also include a provision to address inadvertent disclosure under Fed. R. Evid. 502(d). The parties will also be requesting that the Court enter an ESI Order based on the Model Order governing e-discovery prepared by the Federal Circuit Advisory Council and adopted by the U.S. Court of Appeals for the Federal Circuit.

L. <u>Any other information that might be helpful to the Court</u>.

None at this time.

M. <u>Rule 26(f)(3) Discovery Plan</u>.

 (i) <u>Proposed Changes to Rule 26(a) disclosures</u>:

Defendants respectfully suggest Rule 26(a) disclosures should be made within fourteen (14) days after the close of the pleadings. The Pereras individually filed a Motion to Dismiss [ECF No. 22], and that may necessitate the submission of an amended pleading or pleadings.

    (ii)    <u>Subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases, etc.</u>:

Defendants believe that Plaintiff has failed to comply with the Lanham Act, and that by virtue of such failure, Plaintiff is not entitled to recover any damages or profits. As such, Defendants respectfully suggest that discovery be conducted in two phases, with the first, relatively short phase focusing on the question of Plaintiff's compliance or lack of compliance with the Lanham Act. If, in fact, Plaintiff has not complied as Defendants assert, this Court will be able to dispose of Plaintiff's claim for damages under the Lanham Act as a matter of law.

In addition to the issues ordinarily involved in the claims asserted in the action, Defendants respectfully believe it will be necessary to examine the history behind the acquisition and formalization of the alleged trademark registrations at issue, as Defendants believe that such rights were acquired through fraud. Examination of these issues will likely require the attorneys involved with the acquisition and formalization of alleged rights to be witnesses and to testify as to their role in the fraud committed on various trademark offices.

Plaintiff respectfully disagrees, and does not believe that discovery should be conducted in phases. In light of the claims and defenses that have been raised, Plaintiff does not believe that conducting discovery in phase would effectively reduce the costs and burden of discovery. Plaintiff's suggests that the defenses raised by Defendants are commonly asserted by accused infringers and, when all of Plaintiff's asserted claims are considered, do not even address the most critical issues in this action. Furthermore, even if Defendants advanced their defenses during an initial phase of discovery, Plaintiff does not believe it would be dispositive of this action or even substantially narrow the issues being contested.

Given the lack of agreement regarding the conducting of discovery in phases, the parties' proposed Schedule does not contemplate discovery in phases. If the Court prefers discovery in phases, the parties will revise the proposed Schedule.

(iii)   <u>Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced</u>:

Plaintiff has already indicated that its alleged evidence of actual confusion is a heavily redacted an e-mail received from Plaintiff's messaging service. Defendants believe that such information should be produced in native form.

The parties are in the process of negotiating an ESI Order based on the Model Order adopted by the U.S. Court of Appeals for the Federal Circuit, and anticipate presenting a proposed ESI Order to the Court shortly.

(iv)   <u>Any issues about claims of privilege, etc.</u>:

As noted above, the parties believe that a Stipulated Protective Order will be needed in order to facilitate the exchange of sensitive information between direct competitors. In addition, the parties intend to submit a Stipulated Protective Order that will also include a provision to address inadvertent disclosure under Fed. R. Evid. 502(d).

Depending upon the extent to which Plaintiff received copies of documents and has preserved same, some of the discovery relevant to the acquisition and formalization of trademark rights at issue may need to come from the attorneys who were involved in such activities. The parties anticipate that there may be disputes regarding the extent to which such attorneys or former attorneys may be required to disclose information relating to issues of trademark ownership, assignment of rights, and registration of such rights.

(v)     Any changes to the limitations on discovery imposed under these rules or by local rule:

Defendants believe it may be necessary to exceed the 10 deposition limit, but will revisit this issue once discovery begins. The parties do not seek any other changes to the limitations on discovery imposed by the applicable Rules.

(vi)    Any other orders that the Court should issue:

Other than the Stipulated Protective Order and ESI Order referenced above, none.

Respectfully submitted,

|  |  |
|---|---|
| s/ James G. Keys<br>By: _____<br>Elias R. Hilal / Fla. Bar No. 60337<br>E-mail: Elias@whwlegal.com<br>WILLIAMS HILL WIGAND GRANDE<br>633 SE 3rd Ave Ste 301<br>Fort Lauderdale, Florida 33301<br>Telephone: 954-463-2065<br>Facsimile: 954-337-0117<br><br>and<br><br>James G. Keys, III / Fla. Bar No. 63943<br>E-mail: mail@keyslawfirm.com<br>THE KEYS LAW FIRM, PLLC<br>3350 SW 148th Ave, Ste 110<br>Miramar, Florida 33027<br>Telephone: 954-519-2041<br>Facsimile: 954-519-2042<br><br>***Counsel for Plaintiff*** | s/ Samuel A. Lewis<br>By:_____<br>James A. Gale / Fla. Bar No. 371726<br>E-Mail: jgale@cozen.com<br>Samuel A. Lewis / Fla. Bar No. 55360<br>E-mail: slewis@cozen.com<br>Matthew N. Horowitz / Fla. Bar No. 98564<br>E-mail: mhorowitz@cozen.com<br>**COZEN O'CONNOR**<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 3000<br>Miami, Florida 33131<br>Telephone No. (305) 704-5940<br>Facsimile No. (305) 704-4955<br><br>***Counsel for Defendants*** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC,

     Plaintiff,

vs.

ANTHONY PERERA, DOUGLAS PERERA, SR., and AIR PROS, LLC,

     Defendants.
_____/

CASE NO.: 0:19-cv-62437-KMM
Magistrate Judge Hunt

## **SCHEDULE JOINTLY PROPOSED BY THE PARTIES**

The parties propose that this matter be set for trial for the week of February 1, 2021. The parties propose adhering to the following schedule:

| | |
|---|---|
| 14 days after the close of the pleadings | The parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26. The parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| Wednesday, March 11, 2020 | The parties shall file motions to amend pleadings or join parties. |
| Monday, June 8, 2020 | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| Wednesday, July 8, 2020 | The Defendants shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| Friday, August 7, 2020 | The parties shall exchange rebuttal expert witness summaries and reports, as required by the Federal Rule of Civil Procedure 26(a)(2). |
| Monday, August 31, 2020 | The parties shall complete all discovery, including expert discovery. |
| Monday, October 12, 2020 | The parties shall complete mediation and file a mediation report with the Court. |

Case No. 0:19-cv-62437-KMM

| | |
|---|---|
| Monday, October 12, 2020 | The parties shall file all dispositive pre-trial motions and memorandum of law.  The parties shall also file any motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or any other basis. |
| Thursday, December 10, 2020 | The parties shall file all other motions *in limine*. |
| Monday, November 30, 2020 | The parties shall exchange initial depo designations. |
| Monday, December 14, 2020 | The parties shall exchange rebuttal depo designations and objections to initial depo designations. |
| Monday, December 21, 2020 | The parties shall exchange objections to rebuttal depo designations. |
| Monday, January 11, 2021 | The parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e).  The parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials). |
| Monday, January 11, 2021 | The parties shall submit final deposition designations. |
| Friday, January 22, 2021 | Pretrial Conference. |