UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC,

    Plaintiff,

vs.

ANTHONY PERERA, DOUGLAS PERERA, SR., and AIR PROS, LLC,

    Defendants.
_____/

CASE NO.: 0:19-cv-62437-KMM
Magistrate Judge Hunt

## THE PERERAS' MOTION TO DISMISS

Defendants, Anthony Perera, and Douglas Perera, Sr. (collectively, the "Pereras"), pursuant to Fed.R.Civ.P. 8 and 12(b), respectfully move this Court for entry of an Order dismissing the First Amended Complaint [ECF No. 24] for failure to state a claim and for failing to include sufficient factual allegations against them as individuals to satisfy the Federal Rules of Civil Procedure. Alternatively, the Pereras respectfully request that this Court dismiss the Pereras, individually, from this action. In support of this Motion, the Pereras respectfully refer the Court to the Memorandum of Law below.

## MEMORANDUM OF LAW

### I. INTRODUCTION.

Plaintiff, Around The Clock A/C Service, LLC ("ATC"), seeks relief for an alleged trademark infringement. However, ATC's Complaint was deficient as the allegations directed to the Pereras, individually, were merely conclusory and made entirely *upon information and belief*. As such, the Complaint was devoid of sufficient factual allegations to satisfy the pleading requirements imposed by Rule 8 of the Federal Rules of Civil Procedure. These and other issues were raised in the Pereras' Motion to Dismiss [ECF No. 22].

1

Rather than remedying the pleading deficiencies raised in the Pereras' first Motion to Dismiss, ATC has effectively doubled-down on the lack of factual allegations by filing a First Amended Complaint which contains the same, merely conclusory allegations and allegations made *upon information and belief,* but which now adds references to an editorial newspaper article that appeared in *The Miami Herald.* Notwithstanding the impropriety of attempting to attribute a newspaper reporter's independent editorial commentary to the Pereras, the *Herald* article does not support any of ATC's allegations.

Thus, the First Amended Complaint is as deficient, if not more so, than the Complaint it superseded. Accordingly, the Pereras should be dismissed from this action.

## II.     FACTUAL BACKGROUND.[1]

ATC's allegations in this matter are directed primarily at the corporate Defendant, Air Pros, LLC ("Air Pros"). For example, the First Amended Complaint focuses on Air Pros' advertising. (*See, e.g.,* F.A.C., ¶¶ 25-26). Given that ATC and Air Pros operate in the same industry, such a focus is not surprising.

What is surprising is the utter lack of factual allegations directed to the individual Defendants, the Pereras. The entirety of the allegations specifically directed against the Pereras are confined to a mere eight paragraphs. (F.A.C., at ¶¶ 5-6, 8, 11, 30-32, 35). Astoundingly, four of those allegations accusing the Pereras of individual wrongdoing are made entirely "[u]pon information and belief," and without any further supporting factual allegations to explain why ATC believes it will ultimately establish that the Pereras personally participated in, or are otherwise responsible for, the alleged acts of infringement. (*Id.,* at ¶¶ 5-6 & 8). One of the

---

[1] References to the First Amended Complaint shall appear as "F.A.C., at ¶__."

paragraphs, also made "[u]pon information and belief," is directed to the issue of where the Pereras reside for venue purposes. (*Id.*, at ¶11).

In the First Amended Complaint, ATC adds allegations purportedly based upon an editorial article appearing in *The Miami Herald.* (F.A.C., at ¶¶30-32 and Exhibit C [ECF No. 24-3]). The article dates back to February, 2019, long before the accused conduct referenced in the First Amended Complaint. Moreover, the *Herald* article itself, which ATC attached to and expressly incorporated into its First Amended Complaint, does not include the statements for which the article has been cited.

For instance, the *Herald* article does not support ATC's allegation that the Pereras were the "moving, conscious, and active force behind," and actively participated in and approved of the alleged infringement. (F.A.C., at ¶¶30-31). The article does quote Anthony Perera as saying that when Air Pros started in 2017, "[w]e had one truck and one technician. My father knows the air conditioning business and I'm a marketer." However, the article does not speak to whether either of the Pereras were involved in the alleged infringement as ATC alleges in conclusory fashion. By February, 2019, as the article indicates, Air Pros had grown considerably. (F.A.C., Exhibit C [ECF No. 24-3], at p. 2 ("Today, Air Pros has 35 employees and 25 trucks operating out of its headquarters in Davie and other offices throughout the state.")). Given the number of people working for Air Pros as of February, 2019, there is simply no good faith basis for ATC to claim that the article supports the allegations in paragraphs 30 and 31 directed against the Pereras individually.

Similarly, ATC cites the *Herald* article in support of its allegation that the Pereras "have identified ATC as a competitor in news publications." (F.A.C., at ¶32). However, the article does not quote either of the Pereras as saying that ATC is a competitor. (*Compare* F.A.C., at ¶32 and

Exhibit C [ECF No. 24-3]). Thus, ATC improperly attributes a reporter's independent editorial commentary as if they were statements made by the Pereras.

To add insult to injury, ATC also seeks to rely upon the *Herald* article to establish that the Defendants had "actual notice" of ATC's alleged trademark rights, (*see* F.A.C., at ¶32), notwithstanding that nothing in the article supports such a proposition.

Ultimately, the *Herald* article itself highlights that there is no basis for the conclusory language contained in paragraphs 30, 31 and 32 of the First Amended Complaint. (*Compare* F.A.C., ¶¶30-32 and Exhibit C). If anything, the article contradicts ATC's allegations. As such, the article does not transform ATC's merely conclusory allegations into factual allegations that satisfy Rule 8 pleading requirements.

It is bad enough that ATC failed to present sufficient factual allegations in the original Complaint. It is even worse that ATC has failed to do so a second time, and after the Pereras made it abundantly clear in the prior Motion to Dismiss that ATC had not presented sufficient factual allegations to satisfy the Rules of Civil Procedure. In light of ATC's failure to present sufficient factual allegations in the First Amended Complaint against the Pereras, individually, this Court should dismiss the Pereras from this action with prejudice. There is no reason to give ATC a third attempt to correct deficiencies with its pleading when it failed to make any meaningful attempt to do so with its First Amended Complaint.

**III.    ARGUMENT.**

    **A.  ATC's First Amended Complaint fails to satisfy Rule 8 pleading requirements.**

ATC's First Amended Complaint fails to include sufficient factual allegations directed to the Pereras to survive a motion to dismiss. As such, the First Amended Complaint must be dismissed.

"To survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). A claim is facially plausible when the court can make a reasonable inference based on the *facts* pled that an opposing party is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" that amount to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* Rather, a complaint must contain sufficient *factual* content to nudge the claims "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570).

ATC's First Amended Complaint is merely a formulaic recitation of the elements of its causes of action, rendering it deficient through its failure to plead sufficient factual content. This is particularly true with respect to ATC's efforts to connect the Pereras, individually, to the claims. Rather than presenting factual allegations, ATC invokes the phrase "[u]pon and information and belief" because it has no basis for asserting such factual accusations. Specifically, ATC alleges *upon information and belief* that Anthony Perera and Douglas Perera, Sr., were "moving, conscious, and active force behind the acts of trademark infringement and deceptive and unfair trade practices" allegedly committed by Air Pros, and that they "actively participate[] in and

approve[] the acts of trademark infringement and deceptive and unfair trade practices." (F.A.C., ¶¶ 5-6). Such allegations are insufficient to support a claim that is plausible on its face. Indeed, the qualifier "upon information and belief" is not a substitute for an adequate pre-filing investigation, and was never intended to be *carte blanche* for asserting whatever specious and nefarious allegations a litigant desires to hurl at another, without regard for whether the claim is factually supportable and meritorious.[2]

Additionally, ATC's allegations regarding the use of the accused language were previously asserted *upon information and belief,* and without any factual basis for making such allegations. *See* Complaint [ECF No. 1], ¶¶ 31-32. In the First Amended Complaint, those same allegations have been repackaged by dropping the *upon information and belief* language, and instead, adding a reference to and incorporating an article that appeared in the *Herald.* (F.A.C., ¶¶ 30-32). However, as discussed above and in Section III.B. below, the *Herald* article does not support the allegations, and if anything, the contradiction between the *Herald* article and the allegations justifies this Court disregarding the allegations or, at best, treating the allegations as being merely

---

[2] When a party uses the qualifying language "upon information and belief" consistent with Rule 11, the party must still have some basis in fact for the allegations. The Rules do not tolerate allegations based on mere speculation. Rather, when alleging "upon information and belief," a litigant must also allege at least some factual basis that would constitute a "good reason to believe" that its conclusory allegations are "likely" to have evidentiary support. *See, e.g., Geisinger Med. Ctr. v. Gough,* 160 F.R.D. 467, 469 (M.D. Pa. 1994)("We reject the defendants' interpretation of the 1993 amendment to Rule 11 as giving them a general license to plead a claim first and then allowing them to conduct the necessary investigation in support of it."); *Agristor Leasing v. McIntyre,* 150 F.R.D. 150, 152 (S.D. Ind. 1993)("It is insufficient under the standards of Rule 11 simply to stake out a position and rely on the results of a post-filing discovery as a form of fishing expedition. Because some objective evidence of some surrounding or attendant circumstances from which criminal intent can be inferred will eventually be required to satisfy the ultimate burden of proof, it follows that such evidence should be searched for and required before filing the lawsuit.").

conclusory. Either way, such allegations are insufficient to support a claim that is plausible on its face against the Pereras individually.

When stripped of conclusory allegations—including those alleged with qualifying language such as "upon information and belief"—ATC's entire case against the Pereras, individually, is premised on the fact that they work for or hold positions with Air Pros, and because they own or founded Air Pros. Those facts, standing alone, are insufficient to support the speculative allegations made "upon information and belief" or the allegations which claim to be supported by non-existent language in the *Herald* article. As a result, ATC has failed to present any factual basis for its speculation that the Pereras engaged in any of the conduct alleged in the First Amended Complaint.

### B. The *Herald* Article does not support the allegations in the First Amended Complaint, and justifies disregarding the allegations.

Binding precedent provides that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."[3] *Crenshaw v. Lister,* 556 F.3d 1283, 1292 (11th Cir. 2009), *quoting Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007). Indeed, a court's "duty to accept the facts in the complaint as true" does not require the court to accept conclusory allegations and unwarranted deductions of fact, particularly where such conclusions are contradicted by documents attached to the complaint. *See Associated Builders, Inc. v. Ala.*

---

[3] Similarly, as this Court has recognized, the long-standing Florida decision of *Harry Pepper & Assocs., Inc. v. Lasseter,* 247 So.2d 736, 736-37 (Fla. 3d DCA 1971), holds that where there is an inconsistency between the general allegations of material facts in the complaint and specific facts revealed by the exhibit, they have effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable. *See Century Land Development L.P. v. FFL Development L.L.C.,* 2008 WL 1850753 (S.D. Fla.)

*Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974). Here, the *Herald* article attached to the First Amended Complaint does not support the allegations contained in paragraphs 30 through 32.

For example, the *Herald* article does not support the allegations that the Pereras were the moving, conscious, and active force behind, and actively participated in and approved of the alleged infringement as alleged. (F.A.C., at ¶¶30-31). Nowhere in the article does it indicate that either of the Pereras had anything to do with the accused marketing campaign identified in the First Amended Complaint. In fact, the article is entirely devoid of even the slightest suggestion that Douglas Perera, Sr., was ever involved in any marketing. While the article does make reference to Anthony Perera as being "a marketer," the article, which was published long before the alleged infringement, does not support the allegation that he participated in, much less approved of, the accused advertising campaign. Even the marketing concept of wrapping Air Pros' trucks "in bright colors" designed to attract attention, as indicated in the *Herald* article, is not attributed to either of the Pereras.

Likewise, as noted above, the article does not contain any reference to a statement by either of the Pereras that ATC is a competitor as alleged in paragraph 32.[4] On the contrary, there is not

---

[4] ATC seeks to rely upon the *Herald* article to establish that the Defendants had "actual notice" of ATC's alleged trademark rights, *see* (F.A.C., at ¶32), notwithstanding that nothing in the article supports such a proposition. The reason for ATC's strained efforts to establish "actual notice" is because ATC failed to comply with the requirements of 15 U.S.C. §1111. Since ATC did not properly mark or use the required language with its alleged registered trademark, it is not entitled to recover any damages prior to when it provided actual notice to Defendants (which it did not do at any time prior to the commencement of this action). *See, e.g., New Century Mortgage Corp. v. 123 Home Loans, Inc.,* 2007 WL 9702272, *6 (S.D. Fla.). Moreover, even assuming *arguendo* that the Pereras viewed ATC as a competitor, such knowledge does not satisfy the actual notice requirement under §1111. *See Kransco Mfg., Inc. v. Hayes Specialties Corp.,* 77 F.3d 503, *2-*3 (Fed. Cir. 1996)(where trademark owner fails to provide notice specified by §1111, trademark owner may not recover profits or damages unless defendant had actual notice of the registration; even knowledge of the trademark owner's products is insufficient to constitute "actual notice of the registration").

a single quote from either of the Pereras in the article to support the conclusory allegation that "Defendants have identified Plaintiff as a competitor in news publications."[5] (F.A.C., ¶32). While the reporter who authored the article included something of a summary following the end of the article, the reporter's independent editorial commentary cannot be properly attributed to the Pereras. *See Hershfang v. Citicorp.,* 767 F.Supp. 1251, 1255 (S.D.N.Y. 1991)("reporters' independent editorial commentary . . . can not provide the basis for a claim that *defendant* made fraudulent misrepresentations." (emphasis in original)).

Ultimately, the *Herald* article itself highlights that there is no factual basis for the conclusory language contained in paragraphs 30, 31 and 32 of the First Amended Complaint. *Compare* (F.A.C., ¶¶30-32 and Exhibit C). As such, the Court is well within its discretion to disregard the allegations of paragraphs 30 through 32 of the First Amended Complaint as being contradictory to the exhibit upon which those allegations were purportedly based. Alternatively, the Court is justified in treating the allegations contained in paragraphs 30 through 32 of the First Amended Complaint as being merely conclusory allegations, which are also properly disregarded for purposes of the Pereras' Motion to Dismiss. Either way, the result is the same: the First Amended Complaint fails to satisfy Rule 8 as it relates to any claims against the Pereras individually.

---

[5] At best, ATC seems to be attempting to attribute statements by the article's author, Joseph A. Mann, Jr., to the Pereras. Mr. Mann's article includes something of a profile at the end of the article, where he writes that Air Pros' competitors include "Air Around the Clock, Thermal Concepts and hundreds of other companies, most of them very small." However, this statement is not attributed to either of the Pereras, and it is improper for ATC to attempt to attribute such a third-party statement in an editorial publication to the Pereras.

### C. The First Amended Complaint should be dismissed in its entirety as a "shotgun pleading."

ATC's First Amended Complaint is a typical "shotgun pleading," where "each count of the Complaint incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the either the claim, or the cause of action, appearing in a count's heading." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010). The Eleventh Circuit roundly "***condemns*** shotgun pleadings."[6] *Thompson*, 610 F.3d at 650 n.22 (emphasis added); *see also M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153, 1156 n. 1 (11th Cir. 2006) (shotgun pleadings are "frowned upon in this circuit"). Indeed, between 1985 and 2008, courts in this Circuit "explicitly condemned shotgun pleadings upward of fifty times." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981 n. 54 (11th Cir. 2008).

Here, *every* count "incorporates by references the allegations contained in Paragraphs 1 through 43." Considering that the claims purport to present three distinct legal claims asserted against three Defendants, it is apparent that ATC expects the Court to sift through those allegations and to determine for itself which allegations are applicable to each of the claims. As such, the First Amended Complaint is a shotgun pleading condemned by both this Court and the Eleventh Circuit.

---

[6] Shotgun pleadings force the district court and each defendant to "sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991), *abrogated on other grounds as recognized in Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011). As a result, shotgun pleadings impede the administration of justice and "waste scarce judicial and parajudicial resources." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001). This Court itself has not hesitated to dismiss defective shotgun pleadings. *See, e.g., Karhul v. Vital Pharmaceuticals, Inc.*, No. 13-6078-CIV-COHN, 2013 WL 4047016, at *3 (S.D. Fla. Aug. 9, 2013.).

Having violated this Court's prohibition against shotgun pleadings, the First Amended Complaint provides no notice to the Pereras of what wrongful conduct each is alleged to have committed in support of each of the four (4) Counts for relief. The "mere formulaic recitation of a cause of action's elements" cannot save this shotgun pleading from a motion to dismiss for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Neither the Court nor the Pereras should be required to sift through the facts asserted in support of the myriad of claims in this improper shotgun pleading. Therefore, the First Amended Complaint must be dismissed in its entirety for failure to state a claim.

## IV.  CONCLUSION.

Based on the foregoing, Defendants respectfully request this Court dismiss the First Amended Complaint, or in the alternative, that the Court dismiss the Pereras, individually, from this action.

Respectfully submitted,

By: s/ Samuel A. Lewis
_____
James A. Gale / Fla. Bar No. 371726
E-mail:  jgale@cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  slewis@cozen.com
Matthew N. Horowitz / Fla. Bar No. 98564
E-mail:  mhorowitz@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., 30th Floor
Miami, Florida 33131
Telephone:  305-358-5001

***Counsel for Defendants***