UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AROUND THE CLOCK A/C SERVICE, LLC,

          Plaintiff,

vs.

ANTHONY PERERA, DOUGLAS PERERA, SR., and AIR PROS, LLC,

          Defendants.
_____/

CASE NO.: 0:19-cv-62437-KMM
Magistrate Judge Hunt

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Air Pros, LLC ("Defendant"), responds to the First Amended Complaint ("Amended Complaint") as follows:

1. Defendant denies the allegations contained in paragraph 1 of the Amended Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Amended Complaint.

3. In response to the allegations contained in paragraph 3 of the Amended Complaint, Defendant admits that this purports to be an action for injunctive and other relief under the Lanham Act and other laws, but denies that Plaintiff is entitled to any such relief and all other allegations contained therein.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the Amended Complaint.

5. In response to the allegations contained in paragraph 5 of the Amended Complaint, Defendant admits that Anthony Perera is the President and owner of Air Pros LLC, that he is over

the age of 18, and that he resides in Broward County, Florida, but denies all other allegations contained therein.

6. In response to the allegations contained in paragraph 6 of the Amended Complaint, Defendant admits that Douglas Perera, Sr. is the co-founder and service manager of Air Pros LLC, that he is over the age of 18, and that he resides in Broward County, Florida, but denies all other allegations contained therein.

7. In response to the allegations contained in paragraph 7 of the Amended Complaint, Defendant admits that its principal place of business is in Broward County, Florida, but denies all other allegations contained therein.

8. Defendant denies the allegations contained in paragraph 8 of the Amended Complaint.

## JURISDICTION AND VENUE

9. In response to the allegations contained in paragraph 9 of the Amended Complaint, Defendant admits that this purports to be an action under the Lanham Act and state law, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367, but denies that Plaintiff is entitled to any such relief and further denies all other allegations contained therein.

10. In response to the allegations contained in paragraph 10 of the Amended Complaint, Defendant admits that this Court has personal jurisdiction over the Defendants, but denies all other allegations contained therein.

11. In response to the allegations contained in paragraph 11 of the Amended Complaint, Defendant admits that venue is proper, but denies all other allegations contained therein.

## FACTUAL BACKGROUND

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Amended Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.  It appears that the original applicant of the registrant of the trademark referenced in paragraph 18 committed a fraud on the U.S. Patent and Trademark Office ("USPTO") when, upon information and belief, it made knowingly false representations under penalty of perjury in connection with the trademark application referenced in paragraph 18, and because the applicant knew that disclosure of the true facts, if disclosed, would have resulted in the USPTO refusing registration.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.  It appears that the applicant of the trademark referenced in paragraph 19 committed fraud on the State of Florida when, upon information and belief, it made knowingly false

representations under penalty of perjury in connection with the trademark application, and because the applicant knew that disclosure of the true facts, if disclosed, would have resulted in the State of Florida refusing registration. Indeed, certain facts stated in the state trademark application are contradictory to similar statements made in connection with the federal trademark registration referenced in paragraph 18.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint. As alleged in response to the allegations contained in paragraph 18, Defendant has reason to believe that the registration at issue was procured through fraud, and as a result, the registration at issue is void.

21. Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint. As alleged in response to the allegations contained in paragraph 18, Defendant has reason to believe that the registration at issue was procured through fraud, and as a result, the registration at issue is void.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Amended Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint, and further denies that the newspaper article attached to the Amended Complaint as Exhibit C supports the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint, and further denies that the newspaper articles attached to the Amended Complaint as Exhibit C supports the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Amended Complaint relating to the nature of Plaintiff's relationship with its counsel, and denies all other allegations contained therein.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114**

44. In response to the allegations in paragraph 44 of the Amended Complaint, Defendants repeat their responses to paragraphs 1 through 43 of the Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Amended Complaint. As alleged in response to the allegations contained in paragraph 18, Defendant has reason to believe that the registration at issue was procured through fraud, and as a result, the registration at issue is void.

46. Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125

50. In response to the allegations in paragraph 50 of the Amended Complaint, Defendants repeat their responses to paragraphs 1 through 43 of the Amended Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

## COUNT III
## DECEPTIVE AND UNFAIR TRADE PRACTICES
## UNDER FLA. STAT. §§ 501.201 et seq.

58. In response to the allegations in paragraph 58 of the Amended Complaint, Defendants repeat their responses to paragraphs 1 through 43 of the Amended Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER FLA. STAT. §495.131

61. In response to the allegations in paragraph 61 of the Amended Complaint, Defendants repeat their responses to paragraphs 1 through 43 of the Amended Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Amended Complaint. As indicated in response to the allegations contained in paragraph 19, it appears that the applicant of the trademark referenced in paragraph 63 committed fraud on the State of Florida when, upon information and belief, it made knowingly false representations under penalty of perjury in connection with the trademark application, and because the applicant knew that disclosure of the true facts, if disclosed, would have resulted in the State of Florida refusing

registration. Indeed, certain facts stated in the state trademark application are contradictory to similar statements made in connection with the federal trademark registration referenced in paragraph 18.

64. Defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

## PRAYER FOR RELIEF

67. Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief.

68. Defendant denies any and all allegations that have not been admitted or to which Defendants have not otherwise responded.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the claims.

### Third Affirmative Defense

Plaintiff lacks standing to assert the claims in the Amended Complaint.

### Fourth Affirmative Defense

Plaintiff failed to join an indispensable party.

Case No. 0:19-cv-62437-KMM

### Fifth Affirmative Defense

The Amended Complaint fails to allege sufficient factual allegations to state a claim to relief that is plausible on its face as required under Rule 8.

### Sixth Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands, including without limitation, claiming to have rights that were predicated upon the commission of a fraud on the U.S. Patent and Trademark Office.

### Seventh Affirmative Defense

Plaintiff's claims for relief are barred by virtue of Plaintiff's failure to comply with the requirements of the Lanham Act, 15 U.S.C. §1051 *et seq.*

### Eighth Affirmative Defense

Plaintiff's claims for damages and attorney's fees are barred by virtue of Plaintiff's failure to properly mark its trademarks.

### Ninth Affirmative Defense

Plaintiff's claims for damages and attorney's fees are barred by virtue of Plaintiff's failure to satisfy the notice requirements under 15 U.S.C. §1111.

### Tenth Affirmative Defense

Plaintiff's trademark registrations are void due to fraud on the U.S. Patent and Trademark Office and the State of Florida.

### Eleventh Affirmative Defense

Plaintiff's claims for damages are barred by virtue of Plaintiff's failure to take reasonable steps to mitigate its alleged damages.

Case No. 0:19-cv-62437-KMM

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor Defendant and against Plaintiff on all claims; Defendant also respectfully request an award of reasonable attorney's fees pursuant to 15 U.S.C. §1117 and Florida Statutes §§ 501.2105 and 495.141, and costs. Finally, Defendant respectfully request such additional relief as this Court deems to be just and proper.

Respectfully submitted,

By: s/ Samuel A. Lewis
_____
James A. Gale / Fla. Bar No. 371726
E-mail: jgale@cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail: slewis@cozen.com
Matthew N. Horowitz / Fla. Bar No. 98564
E-mail: mhorowitz@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: 305-358-5001

**Counsel for Defendants**