**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Civil Action No.: 0:19-cv-62437-KMM

| | |
|---|---|
| AROUND THE CLOCK A/C SERVICE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY PERERA, DOUGLAS PERERA, SR., | ) |
| and AIR PROS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF AROUND THE CLOCK A/C SERVICE, LLC'S**
**RESPONSE IN OPPOSITION TO THE PERERA'S MOTION TO DISMISS**

Plaintiff, Around the Clock A/C Service, LLC ("Plaintiff"), files this response in opposition to Defendant Anthony Perera's and Defendant Douglas Perera, Sr.'s, (collectively, "the Pereras") Motion to Dismiss ("Defendants' Motion").  In this opposition, Plaintiff demonstrates that Defendants' Motion should be denied because it fails to apply the proper legal standards, takes positions unsupported by or in direct conflict the law, and asserts and relies on a conveniently selective reading of the First Amended Complaint and its exhibits.

**I. INTRODUCTION**

In no uncertain terms, Plaintiff has alleged that the Pereras are a moving, conscious, and active force behind the actions which form the Lanham Act violations committed by their company, Defendant Air Pros, LLC ("Air Pros"), and that the Pereras actively participate in and approves the actions which form the Lanham Act violations committed by their company.  *See*, D.E. 24 at ¶¶5-6, 30-32.  Plaintiff has also provided a basis for such allegations, attaching to the

First Amended Complaint an article from the Miami Herald which <u>at minimum supports a reasonable inference</u> that the Anthony Perera directs and controls the marketing of Defendant Air Pros and thus participated in the decision to run the infringing marketing and that Douglas Perera, Sr. (he who "knows the air conditioning business" and has "worked for decades as an A/C technician"), participated in and/or ratified the decision to use Plaintiff's ubiquitous trademark in a way that violates the Lanham Act. See, D.E. 24-3.

In an effort to obfuscate this clear point, Defendants' Motion argues that the reporter's statements in the attached Miami Herald article that were not directly attributed to the Pereras and thus cannot be relied on by Plaintiff in order to provide a basis for its allegations as to the Pereras' role in the infringing activity (despite the fact that the Pereras were clearly a participant during the preparation of the article and endorsed the article after publication by linking to it from their website[1]).  Incredibly, Defendants' Motion makes this argument while at the same time presenting other statements by the reporter in the article that were not directly attributed to the Pereras in support the position taken by the Pereras in Defendants' Motion. *See, e.g.*, D.E. 31 at 3 (where Defendants rely on unquoted material from the article to support the number of Air Pros employees and trucks).

This attempted sleight of hand is not merely disingenuous, however, it in fact propositions this Court to disregard the well established legal standard for considering a motion to dismiss and improperly construe content of the First Amended Complaint in a light most favorable to the *defendants*.  When the proper legal standards are applied (which were not even included in Defendants' Motion), there is no doubt that Plaintiff has met the minimal pleading requirements to make it facial plausible that the Pereras are individually liable for their

---

[1] *See*, https://airprosusa.com/press-release/press-release-miami-herald-features-air-pros-in-latest-hvac-business-article/

- 3 -

company's Lanham Act violations. Moreover, as also shown below, the argument in Defendants' Motion that the First Amended Complaint is a shotgun pleading lacks any merit whatsoever. Consequently, Defendant's Motion to Dismiss should be denied in its entirety.

## II. DISCUSSION

**A.** **Legal Standard for Motion to Dismiss**

For a complaint to satisfy Federal Rule of Civil Procedure 8(a)(2), it "… contain a short and plain statement of facts showing entitlement to relief. *Am. Airlines, Inc. v. Vidal*, No. 09-21245-CIV, 2009 WL 10669069, at *1 (S.D. Fla. Sept. 22, 2009)(report and recommendation adopted, No. 09-21245-CIV, 2009 WL 10668433 (S.D. Fla. Oct. 22, 2009)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. lqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(*quoting Twombly* at 570). As the Supreme Court has repeatedly stated, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly* at 556).

When considering a motion to dismiss, a court must accept "…the complaint's allegations as true and constru[e] them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)(*quoting Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir.2012)). This includes taking all reasonable inferences from the facts stated in the complaint as true. *See, Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005)(*quoting Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir.2002)). Indeed, as the Supreme Court stated in *Conley v. Gibson*, "[a] complaint should not be dismissed for failure to state a claim unless it appears **beyond doubt** that the

pleader can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (*emphasis added*).

In this instance, each argument advanced in Defendant's Motion is at best misguided (and in some cases even lack a reasonable basis) when analyzed with the proper legal context and under the proper motion to dismiss standards.

**B.     Plaintiff's First Amended Complaint Sufficiently States a Claim Against Pereras**

Defendants' argument that Plaintiff's First Amended Complaint fails to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure and thus state a claim under is deficient because it fails to (1) consider the allegations in light of the well established legal principles of what Rule 8 requires and (2) consider what is required to state a claim against individual defendants for violations of the Lanham Act.  Plaintiff's First Amended Complaint goes well beyond a formulaic recitation of the elements of its causes of action.  For example, it goes well beyond what would be needed and conclusively establishes the validity of Plaintiff's trademark, Plaintiff's ownership of the trademark, and Plaintiff's exclusive right to use the trademark with the registered services by attaching Plaintiff's incontestable federal trademark registration.  Similarly, it goes well beyond what would be needed and exemplifies the improper commercial use of Plaintiff's trademark on the website of Air Pros.  Thus, the main thrust of the Pereras' argument in Defendants' Motion seems to be that by merely alleging facts related to the Pereras' substantial role in, participation in, and approval of the infringing conduct, Plaintiff does not also go well beyond what was needed for that.  Such an argument, however, is inconsistent with what is required to meet the "minimal pleading requirements with regard to each defendant" for individual liability for Lanham Act violations as they have been laid out many times by this

Court, its sister courts, and the Eleventh Circuit. *Sobe News, Inc. v. Penrod Bros., Inc.*, No. 06-20667, 2006 WL 8433574, at *2 (S.D. Fla. Aug. 11, 2006).

It has long been the law in the this circuit that "[n]atural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991); *see, Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19 (5th Cir.1968). In its *Chanel* decision, the Eleventh Circuit specifically recognized that "…if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done" and that "[i]f an individual actively and knowingly caused the infringement, he is personally liable." *Id* (internal citation omitted). Of critical import is "…whether [an individual defendant] actively participated as a moving force in the decision to engage in the infringing acts, or otherwise caused the infringement as a whole to occur." *Id*., 931 F.2d at 1478, n.8. Providing further clarity, the Eleventh Circuit noted a few year later that "…a corporate officer who directs, controls, ratifies, participates in, **or** is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil. *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)(emphasis added).

If the allegations in the First Amended Complaint are taken as true, and read in a light most favorable to Plaintiff, Plaintiff's allegations and exhibits certainly state a claim that is plausible on its face against each of the Pereras. For the purposes of Defendants' Motion, it must be accepted or inferred that Anthony Perera is an owner/operator and the President of Air Pros, presents himself as a marketer, and recognizes Plaintiff as his competitor (again, he is quoted extensively in the article which states this and this article was linked to from the Air Pros website

after it was published). Accepting this about Anthony Perera's position and claimed expertise, it is certainly plausible that he would be an active/moving force behind Air Pros' illicit use of Plaintiff's exact trademark in its advertising.

Similarly, it must be accepted or inferred that Douglas Perera, Sr. is an owner/operator and a principal of Air Pros, and that he has extensive knowledge of the air conditioning business in this area (which would include the major players in the market). Accepting this about Douglas Perera, Sr.'s position and claimed expertise, it is certainly plausible that he would have participated in and/or ratified the decision for Air Pros to illegally use of Plaintiff's exact trademark in its advertising. At minimum, for each of the Pereras, it is not apparent "…**beyond doubt** that [Plaintiff] can prove no set of facts in support of his claim which would entitle him to relief. *Conley,* 355 U.S. at 45–46.

Applying these principles, courts have routinely refused to dismiss at the pleadings stage Lanham Act claims against individual defendants who were decisionmakers for an infringing corporate entity. *See, e.g., Sobe News, Inc.,* No. 06-20667, 2006 WL 8433574; *Wholesale Stone, LLC v. Stone-Mart Marble & Travertine Grp. LLC,* No. 13-24342-CIV, 2014 WL 11906611 (S.D. Fla. Mar. 10, 2014); *Y.Z.Y., Inc. v. Azmere USA Inc.*, No. 13-20229-CIV, 2013 WL 12096354 (S.D. Fla. Oct. 17, 2013); *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-CV-791-T-36AAS, 2017 WL 3421532 (M.D. Fla. Aug. 9, 2017); *Ares Def. Sys., Inc. v. Karras*, No. 615CV1107ORL22DAB, 2016 WL 7042957 (M.D. Fla. Mar. 10, 2016), *report and recommendation adopted*, No. 615CV1107ORL22DAB, 2016 WL 1554127 (M.D. Fla. Apr. 18, 2016); *Scar Heal, Inc. v. JJR Media, Inc*., No. 8:14-CV-733-T-33AEP, 2014 WL 3586500 (M.D. Fla. July 8, 2014).

When allegations such as those in Plaintiff's First Amended Complaint have gone unrefuted, they have even set the stage for default judgment. *Ultratech Int'l, Inc. v. Res. Energy Grp., LLC*, No. 3:14-CV-12-J-34JBT, 2015 WL 1911322 (M.D. Fla. Apr. 27, 2015). And when supported by just minimal evidence relating to the role in a company played by an individual defendant, this Court has even refused to let an individual defendant out of a case at summary judgment. *Orafol Americas, Inc. v. We Source It, LLC*, No. 17-22710-CV, 2018 WL 6807321 (S.D. Fla. Oct. 5, 2018).

Ultimately, it appears that Defendants' Motion is attempting to play what amounts to a shell game in order to avoid discovery into their role in the infringing activity. Defendants' Motion does not contend that the Pereras were not in fact the moving/active force behind the infringing conduct of their company. They essentially argue that it could have been anyone at <u>their</u> company. *See*, D.E. 31 at p3 ("Given the number of people working for Air Pros as of February, 2019, there is simply no good faith basis for ATC to claim that the article supports the allegations in paragraphs 30 and 31 directed against the Pereras individually."). But the Pereras are not some low level employees or even middle management. It is their company, and they have made clear that it is their respective expertise in marketing and in the A/C business is what guide the activities of Air Pros. It is therefore undeniably plausible based on the content of the pleadings that they would have been a moving/active force behind the infringement by Air Pros.

In addition, it should not be overlooked that Defendants' Motion omits any discussion of *Chanel*, *Babbit Elecs* or any other case dealing with the issue of what is sufficient to state a claim under the Lanham Act against officers or employees of an accused corporation. In other words, Defendants' Motion at no point make any reference to cases which lay out or rely on the binding

precedent concerning what is required to hold a individual defendant liable for corporate Lanham Act violations. For this reason alone, Defendants' Motion is deficient.

But even further, Defendants' Motion spends much time inviting reversible error by attempting to have the allegations in the First Amended Complaint and the content of its exhibits read in a light most favorable to the Pereras. Of course, under the applicable legal standard, this is inapposite. *Chaparro*, 693 F.3d at 1335. As such, it simply serves as another reason why Defendants' Motion should fail.

Thus, in view of the applicable law, as well as the facts (and reasonable inferences) under the proper legal standard, it is clear that Plaintiff has at least made a claim of personal liability for the Pereras plausible. Defendants' Motion does not get to the applicable law, and it fails to analyze the facts and inferences under the proper legal standard. Accordingly, the Defendants' Motion is properly denied.

**C.**     **Plaintiff's Complaint Is Not a Shotgun Pleading**

While Defendants' Motion quotes some authority which explains that shotgun pleadings are bad and improper, fails to cite any authority which explains what makes a pleading a shotgun pleading. And coincidentally (or not), Defendants' assertion that Plaintiff's Complaint reflects shotgun pleading reflects a shocking failure to comprehend what in fact a shotgun pleading is. In fact, in *Weiland v. Palm Beach Cty. Sheriff's Office*, the Eleventh Circuit specifically ruled that a complaint that (like Plaintiff's First Amended Complaint) incorporates an introductory statement, a jurisdiction section, a parties section, and a facts section into each count, but did not incorporate that allegations of preceding <u>counts</u> into subsequent counts, was not a shotgun pleading. 792 F.3d 1313 (11th Cir. 2015). Indeed, in characterizing what it deemed to be the most common type of shotgun pleading, it explained such a shotgun pleading "…is a complaint

containing multiple counts where each count adopts the allegations of all preceding counts, **causing each successive count to carry all that came before and the last count to be a combination of the entire complaint**." *Weiland,* 792 F.3d at 1321 (emphasis added).

Based on this explanation, Plaintiff's First Amended Complaint is obviously not a shotgun pleading. This is clearly seen by the fact that the last count in Plaintiff's First Amended Complaint is not a combination of the entire complaint. And looking at each count specifically, it is undeniable that the allegations of COUNT I - TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114, namely allegation numbers 44-49, **are not** among those incorporated by reference into the allegations of COUNT II - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125. Similarly, it is undeniable that the allegations of COUNT I (Nos. 44-49) or of COUNT II (Nos. 50-57) **are not** among those incorporated by reference into COUNT III - DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. §§ 501.201 et seq. And finally, it is undeniable that the allegations of COUNT I (Nos. 44-49), of COUNT II (Nos. 50-57), or of COUNT III (58-60) **are not** among those incorporated by reference into COUNT IV - TRADEMARK INFRINGEMENT UNDER FLA. STAT. § 495.131. Thus, Plaintiff's COUNT II, COUNT III, and COUNT IV only incorporate the factual allegations which **precede** COUNT I, namely 1-43. This is the same format that the Eleventh Circuit in *Weiland* explicitly recognized as NOT being shotgun pleading because "[t]he allegations of each count are not rolled into every successive count on down the line." *Weiland,* 792 F.3d at 1324.

Defendants' argument that Plaintiff's First Amended Complaint is a shotgun pleading lack any apparent reasonable basis. It is not only submitted in direct contradiction to *Weiland's* binding precedent, it is submitted without any kind of binding or even persuasive precedent

which would support Defendants' unstated interpretation of what a shotgun pleading is and why Plaintiff's First Amended Complaint should be considered one. The legal precedent is clear and Plaintiff's First Amended Complaint is not in fact a shotgun complaint and Defendants' argument that Plaintiff's First Amended Complaint is a shotgun pleading should be rejected out of hand.

### III. CONCLUSION

Based on the foregoing and viewing allegations in the First Amended Complaint in the light most favorable to Plaintiff as the nonmoving party, it follows that Defendants' Motion must be denied in its entirety. As such, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss with prejudice.

On this 14th day of January, 2020.

    Respectfully submitted,

    **AROUND THE CLOCK AC SERVICE, LLC.**

    Respectfully submitted,

By: /s/ James Keys III
    Elias R. Hilal, Esq. (FBN 60,337)
    E-mail Address: elias.hilal@erhlaw.com
    LAW OFFICE OF ELIAS R. HILAL, PA
    633 SE 3rd Ave Ste 301
    Fort Lauderdale, Florida 33301
    Telephone: (954) 463-2065
    Facsimile:  (954) 861-4746

    -and-

- 11 -

                                              James G. Keys, III, Esq. (FBN 63,943)  
                                              E-mail Address: mail@keyslawfirm.com  
                                              THE KEYS LAW FIRM, PLLC  
                                              3350 SW 148th Ave, Ste 110  
                                              Miramar, Florida 33027  
                                              Telephone: (954) 519-2041  
                                              Facsimile:  (954) 519-2042  
                                              *Attorneys for Plaintiff*

- 12 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2020, a true and correct copy of the foregoing **PLAINTIFF AROUND THE CLOCK A/C SERVICE, LLC'S RESPONSE IN OPPOSITION TO THE PERERA'S MOTION TO DISMISS** was served on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

Plaintiff
**AROUND THE CLOCK A/C SERVICE, LLC**

By: /s/ James Keys III
Elias R. Hilal
James Keys, III

**SERVICE LIST**

James A. Gale
jgale@cozen.com

Samuel A. Lewis
slewis@cozen.com

Matthew N. Horowitz
mhorowitz@cozen.com

**COZEN O'CONNOR**
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3000
Miami, FL 33131
Telephone No. (305) 704-5940
Facsimile No. (305) 704-5955

*Counsel for Defendants*