UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AROUND THE CLOCK A/C SERVICE, LLC, | CASE NO.: 0:19-cv-62437-KMM |
| Plaintiff, | Magistrate Judge Hunt |
| vs. | |
| ANTHONY PERERA, DOUGLAS PERERA, SR., and AIR PROS, LLC, | |
| Defendants. _____/ | |

### CORRECTED[1] REPLY MEMORANDUM SUPPORTING THE PERERAS' MOTION TO DISMISS

Defendants, Anthony Perera, and Douglas Perera, Sr. (collectively, the "Pereras") respectfully file this Reply in Support of the Pereras' Motion to Dismiss Plaintiff Around the Clock A/C Service, LLC's ("ATC") First Amended Complaint ("Amended Complaint) [ECF No. 24].

**I.    INTRODUCTION.**

Rather than conceding that it failed to include sufficient factual allegations necessary to establish plausible claims against the Pereras, individually, ATC instead requests that this Court apply the wrong legal standard in an effort to avoid dismissal. However, the Supreme Court expressly abrogated the legal standard ATC would have this Court apply. When the proper legal standard is applied, the only conclusion to be drawn is that the Amended Complaint fails to present sufficient, non-conclusory factual allegations directed to the Pereras, individually, to survive dismissal.

---

[1] The Pereras' original Reply Memorandum [ECF No. 35] was inadvertently filed with the incorrect title. This filing, which is substantively the same, corrects that clerical error. Undersigned counsel apologizes for any confusion associated with the clerical error.

1

Similarly, ATC argues that its Amended Complaint is not a shotgun pleading because it does not reincorporate each and every allegation into each successive claim. Such an argument overlooks that the Eleventh Circuit has identified four different types of shotgun pleadings, and the fact that the Amended Complaint may not fall into one category of shotgun pleading does not prevent it from being one of the other types of shotgun pleading that the Eleventh Circuit has repeatedly condemned.

Ultimately, no amount of argument is sufficient to spare the Amended Complaint from its fate under binding precedent. Since the Amended Complaint fails to contain sufficient, non-conclusory factual allegations to support a claim against the Pereras, individually, and since the Amended Complaint is a shotgun pleading, the Amended Complaint must be dismissed or the Pereras, individually, must be dismissed from this action.

## II.   ARGUMENT.

### A.   The Supreme Court abrogated *Conley*.

ATC attempts to justify its lack of sufficient factual allegations by resorting to *Conley v. Gibson,* 335 U.S. 41, 45, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Indeed, ATC argues that "[a] complaint should be not be dismissed for failure to state a claim unless it appears beyond doubt that the pleading can prove no set of facts in support of his claim which would entitle him to relief," *see* Opposition [ECF No. 34], at pp. 3-4, and ATC cites to *Conley*. However, *Conley* has not been good law for more than a decade, as the Supreme Court expressly abrogated *Conley* in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

In *Twombly*, the Supreme Court squarely addressed *Conley's* often misunderstood "no set of facts" language in the course of explicitly rejecting and retiring that "standard":

> We could go on, but there is no need to pile up further citations to show that *Conley's* "no set of facts" language has been questioned, criticized, and

> explained away long enough. …[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard….

*Twombly*, 550 U.S. at 561-63 (internal citations omitted). The abrogated *Conley* decision does not permit ATC to avoid complying with the *Twombly/Iqbal* pleading standard.[2] Thus, as required by *Twombly/Iqbal,* ATC must allege sufficient, non-conclusory factual allegations directed to the Pereras, individually, to establish plausible claims against each of them. Having failed to include sufficient factual allegations, the claims against the Pereras, individually, must be dismissed from this action.

### B. Contrary to ATC's suggestion, courts in this District dismiss individual defendants in Lanham Act claims where the complaint fails to satisfy *Twombly/Iqbal* pleading standards.

Contrary to ATC's arguments, courts in this District do not "routinely refuse[] to dismiss at the pleadings stage Lanham Act claims against individual defendants who were decisionmakers (sic) for an infringing corporate entity." *See* Opposition [ECF No. 34], at p. 6. Where, as here, the complaint fails to include sufficient, non-conclusory factual allegations to establish individual liability, courts in this District have dismissed the individual defendants.

Following the *Twombly/Iqbal* pleading standard*,* courts in this District have dismissed Lanham Act claims against individual defendants where the complaint only alleged conclusory allegations as to individual liability. *See, e.g., Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV, 2019 WL 1904589, at *6 (S.D. Fla. Mar. 8, 2019) (dismissing Lanham Act counts against individual defendant where there were no facts to support the plaintiff's threadbare allegations that the individual defendant "orchestrated all of the acts complained of."); *Garcia v.*

---

[2] Likewise, ATC's reliance on decisions such as *Sobe News, Inc. v. Penrod Bros, Inc.,* 2006 WL 8433574 (S.D. Fla. Aug. 11, 2006), which relied upon the abrogated *Conley* "standard," is misplaced.

*Gravity Interactive, Inc.*, No. 10-62162-CIV, 2011 WL 13214329, at *3 (S.D. Fla. July 21, 2011) ("Although Plaintiff alleges that THQ directed and controlled THQ*ICE's actions, this is nothing more than a formulaic, conclusory statement. The Complaint fails to sets forth any facts for this Court to infer that THQ knew about, and actively participated in, or directed THQ*ICE's allegedly illegal conduct."); *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-62216-CIV, 2015 WL 1526177, at *4 (S.D. Fla. Apr. 3, 2015) (factual allegations, if true, did not show that the individuals were the moving force behind the alleged infringing acts). Courts in this District are not unique in this regard, and other courts have dismissed Lanham Act claims against individuals where the pleading did not satisfy *Twombly/Iqbal* pleading standards. *See, e.g., Deckers Outdoor Corp. v. Bright Trading Corp.*, No. LACV1400198JAKJEMX, 2014 WL 12564124, at *3 (C.D. Cal. Apr. 28, 2014) ("The Complaint sets forth only the bare legal assertion that the Individual Defendants were the active, conscious, moving forces behind the alleged Lanham Act violations. It does not contain any specific factual allegations regarding the alleged role of either of the Individual Defendants in the decisions to engage in the alleged infringing acts by the entities.").

      The Amended Complaint is devoid of factual allegations from which this Court could reasonably infer that there is anything more than the mere *possibility* that the Pereras were the moving force behind Air Pros' alleged infringement. If, as ATC contends, the *Herald* article permits this Court to reasonably infer that "Anthony Perera is an owner/operator and the President of Air Pros, presents himself as a marketer, and recognizes [ATC] as his competitor," Opposition [ECF No. 34], at p. 5, such allegations are nonetheless insufficient. Even overlooking the problems

with ATC's position in this regard[3], the Pereras' status as an owner/operator, one of the Pereras having experience in marketing, and knowledge of ATC, does not warrant the inference that the Pereras either had a role in, participated in, approved, or were the moving force behind Air Pros' allegedly infringing conduct. Rather, such facts are merely consistent with the Pereras' potential liability and therefore stops short of rendering such a claim *plausible*.[4]

Indeed, the Amended Complaint is devoid of factual allegations explaining how the Pereras were the primary movant behind, or even involved in, the decision to use "air around the clock" in Air Pros marketing so as to support an inference of plausibility. Likewise, the Amended Complaint is devoid of any allegation that the Pereras knew of the infringing activity.

A pleading is not deemed to have met the requisite standard merely because the plaintiff argues that its pleading states a claim that is "plausible." Determination of plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Kissner v. McDonald's Corp.,* No. 18-CV-61026-WPD, 2018 WL 5832979, at *3 (S.D. Fla. Nov. 2, 2018). In this context, the Eleventh Circuit's opinion in *Chanel v. Italian Activewear of Florida*, 931 F.2d 1472 (11th Cir. 1991), is perhaps instructive. In *Chanel,* the Eleventh Circuit noted that

> [m]erely selling the [infringing] items cannot turn [the individual defendant] into a moving, active, conscious force who caused the infringement; if it did, the entire sales force of infringing companies would be personally liable. The individual liability standard does not ask whether the individual participated or engaged in some infringement act; instead, it asks whether he actively participated as a moving force in the *decision* to

---

[3] As explained in the Motion to Dismiss, the *Herald* article author's independent editorial commentary cannot be attributed to the Pereras. *See* Motion to Dismiss [ECF No. 31], at p. 9. ATC does not refute this point or provide any case law to the contrary.

[4] ATC appears to recognize the weakness of its position and instead improperly attempts to shift the burden to the Pereras to show how they were not the moving force behind the infringing conduct of their company. However, it is ATC's burden to establish that liability is plausible. It is not the Pereras burden to establish that liability is not possible.

5

>engage in the infringing acts, or otherwise caused the infringement as a whole to occur.

*Chanel*, 931 F.2d at 1478, fn. 8.

Since the Amended Complaint does not contain sufficient, non-conclusory allegations to satisfy current pleading standards as it relates to the individual defendants, this Court should do as other courts in this District have done, and dismiss ATC's claims against the Pereras, individually.

**C.     The other authority cited in the Opposition in inapposite.**

In its Opposition, ATC cites a number of other cases which are factually distinguishable and therefore inapposite.

In *Wholesale Stone, LLC v. Stone-Mart Marble & Travertine Grp. LLC*, No. 13-24342-CIV, 2014 WL 11906611 (S.D. Fla. Mar. 10, 2014), Judge Altonaga recognized that the allegation that one of the individual defendants was using the corporate form as a mere instrumentality was conclusory, but found that dismissal was not warranted because there were concrete allegations that the individual personally registered the infringing websites, personally chose the names of the infringing domains and trademarks, had knowledge of the plaintiff's registered marks and domains, personally decided to use the domain names in interstate commerce, and personally chose a confusingly similar design. *Id.* at *3. However, Judge Altonaga dismissed the claims against other unnamed individual defendants because, in part, there were no allegations concerning "what acts each one took evidencing each one directed, controlled, ratified, participated in or was the moving force behind the infringement." *Id.* While the Amended Complaint identifies the Pereras, there is simply no non-conclusory factual allegation concerning what actions they took form which this Court could infer that they directed, participated in, ratified, or were the moving force behind the infringement.

Other cases on which ATC relies involve specific factual allegations demonstrating the involvement of the individual defendants. *See e.g. Ares Def. Sys., Inc. v. Karras*, No. 615CV1107ORL22DAB, 2016 WL 7042957, at *5 (M.D. Fla. Mar. 10, 2016), *report and recommendation adopted,* No. 615CV1107ORL22DAB, 2016 WL 1554127 (M.D. Fla. Apr. 18, 2016) (defendant allegedly established the interactive website in his name, and signed the trademark applications); *Y.Z.Y., Inc. v. Azmere USA Inc.*, No. 13-20229-CIV, 2013 WL 12096354, at *2 (S.D. Fla. Oct. 17, 2013) (defendant actively participated in the purchase, marketing, sale and distribution of counterfeit products, and supervised and directed the infringing activity); *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-CV-791-T-36AAS, 2017 WL 3421532, at *3 (M.D. Fla. Aug. 9, 2017) (defendant had decision-making authority for the promotional activities at issue in the complaint); *Scar Heal, Inc. v. JJR Media, Inc.*, No. 8:14-CV-733-T-33AEP, 2014 WL 3586500, at *4 (M.D. Fla. July 8, 2014) (the individual defendant controlled and directed the company's activities since its inception).

These actions involve pleadings containing far more specific allegations than the ones in the instant case directed against the Pereras, individually. As such, the case law that ATC cites is factually distinguishable, and it does not justify departing from the approach that courts in this District routinely take in cases such as this one. *See, e.g.,* Section II.B. *supra.*

### D. The Amended Complaint is a shotgun pleading under binding precedent.

Binding precedent recognizes "four rough types or categories of shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Amended Complaint falls into two, if not three, of the recognized categories: (1) alleging conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (2) failing to specify which defendant is responsible for which acts or omissions; and

(3) incorporating by reference all preceding counts (the Pereras concede that ATC's reincorporation of forty-three (43) paragraphs into each claim is not precisely the same as reincorporating all paragraphs from each successive claim, but given the variation in the claims asserted, the reincorporation has roughly the same effect)[5]. Where a complaint falls into even one of these categories, dismissal is warranted. Here, where the Amended Complaint falls into more than one of the categories, the pleading deficiencies have a compounding effect and leave the Pereras in the dark as to their alleged conduct at issue.

The Pereras respectfully suggest that this Court's decision in *Genesis NYC Enterprises, Inc. v. JAI Grp., SA*, No. 1:15-CV-23877-KMM, 2016 WL 1588397 (S.D. Fla. Apr. 20, 2016) is instructive. In *Genesis,* this Court found that the complaint suffered from multiple types of shotgun pleading and therefore failed to put the defendants on notice. For example, the complaint failed to distinguish precisely what each defendant was alleged to have done. *Id.* at *3. While the complaint initially focused on only one defendant's alleged conduct, all subsequent allegations and each count confusingly referred to the defendants collectively. *Id.* This Court rejected the plaintiff's argument that the conclusory allegation that one of the defendants acted with the knowledge and

---

[5] While *Weiland* recognizes the incorporation of prior counts is a consideration in whether a pleading is an improper shotgun pleading, it did not explicitly hold it as a requirement. Rather, *Weiland* found that the complaint was not a shotgun pleading largely because it was not difficult to determine which of the 49 factual allegations applied to which of the counts. *Id.* at 1324-25; *see also Ace Tree Surgery, Inc. v. Terex Corp.*, No. 1:16-CV-00775-SCJ, 2017 WL 1836307, at *3 (N.D. Ga. Feb. 21, 2017) (distinguishing *Weiland* partly because was in part because the factual allegations in *Weiland* were separated into three subsections roughly applicable to each claim). Courts within the Eleventh Circuit have found merely incorporating the same allegations into each count to be improper. *See Kaniadakis v. Exec. Bd. of Directors*, No. 8:17-CV-419-EAK-TBM, 2018 WL 4568871, at *5 (M.D. Fla. Jan. 26, 2018) (improper shotgun pleading where the plaintiff "improperly incorporates by reference all eighty-one paragraphs of factual allegations into each of the five counts . . .."); *Family Watchdog, LLC v. Schweiss*, No. 609-CV-296-ORL-28GJK, 2009 WL 2151152, at *7 (M.D. Fla. July 13, 2009) (shotgun pleading where the complaint incorporated all factual allegations into each count and then lumped all defendants together).

participation of the other was sufficient to provide notice. *Id.* The fact that many of the allegations were threadbare recitals of the elements supported by conclusory statements further compounded this failure. *Id.*

Like *Genesis*, the Amended Complaint does not identify what each of the individual defendants is alleged to have done. Rather, the vast majority of the general allegations, and each allegation recited in each count, refers to the "Defendants" collectively.[6] For example, it is unclear whether ATC claims the Pereras are liable for personally using the mark or are liable for Air Pros infringement based on their role in Air Pros. To this end, allegations in the Amended Complaint are contradictory. *Compare, e.g.,* Amended Complaint [ECF No. 24], ¶ 30 (alleging that Anthony Perera was a moving force behind the use of ATC's mark because he identifies himself as the marketer for Air Pros) *with* ¶ 32 (alleging that Defendants collectively used an exact reproduction of Plaintiff's mark in connection with *their* air conditioning services).

The shotgun nature of the Amended Complaint is also highlighted by ATC's failure to adequately allege how the Pereras are individually liable other than through conclusory and threadbare allegations that the Pereras are the "moving force" behind the infringement. *See Cluck-U Chicken, Inc. v. Cluck-U Corp.*, No. 8:15-CV-2274-T-MAP, 2017 WL 10275959, at *1 (M.D. Fla. Jan. 11, 2017) ("Also concerning is that Cluck-U Corp. does not distinguish its allegations against Plaintiff Tartaglia from its allegations against Plaintiff Cluck-U Chicken, Inc., despite that it would be required to prove either different or additional facts to hold an individual liable for actions taken on behalf of a corporation than it would be required to prove to hold the corporate

---

[6] Further, it is not always clear whether Plaintiff actually intends to bring a particular count against all Defendants. For example, while counts III and IV refer to "Defendants" collectively, ATC then goes on to use the pronoun "its" which would indicate a claim only against Air Pros and not the Pereras. *See* Amended Complaint, ¶¶ 59, 62.

entity liable."). ATC further compounds these failures by incorporating each and every general factual allegation into each count without regard for its relevancy to the specific causes of action. At the risk of stating the obvious, the Amended Complaint contains four separate and distinct causes of action, and yet, each claim reincorporates all forty-three (43) paragraphs from the "Factual Background" without regard for whether the allegations are relevant to each specific cause of action.

Accordingly, the Amended Complaint is a shotgun pleading within the Eleventh Circuit's definitions, and as such, should be dismissed.

### III. CONCLUSION.

Based on the foregoing, the Pereras respectfully request this Court dismiss the First Amended Complaint, or in the alternative, that the Court dismiss the Pereras, individually, from this action.

Respectfully submitted,

s/ Samuel A. Lewis
By:_____
James A. Gale / Fla. Bar No. 371726
E-mail:  jgale@cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  slewis@cozen.com
Matthew N. Horowitz / Fla. Bar No. 98564
E-mail:  mhorowitz@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., 30th Floor
Miami, Florida 33131
Telephone:  305-358-5001

*Counsel for Defendants*