UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62437-KMM

AROUND THE CLOCK A/C SERVICE LLC,

 Plaintiff,

v.

AIR PROS LLC, *et al.*,

 Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Anthony Perera ("Anthony") and

Douglas Perera, Sr.'s ("Douglas") (collectively, the "Individual Defendants") Motion to Dismiss.

("Mot.") (ECF No. 31).  Plaintiff Around the Clock A/C Service LLC ("Plaintiff") filed a response

in opposition.  ("Resp.") (ECF No. 34).  The Individual Defendants filed a reply.  ("Reply") (ECF

No. 36).  The Motion is now ripe for review.

### I. BACKGROUND[1]

Anthony is the president and an owner of Defendant Air Pros LLC ("Air Pros") and

Douglas is an owner/operator of Air Pros.  FAC ¶¶ 5–6.  Plaintiff markets, sells, and performs air

conditioning related services.  *Id.* ¶ 13.  Plaintiff adopted its AIR AROUND THE CLOCK

trademark (the "Trademark") in 1988 and has continuously used the Trademark in commerce to

identify its air conditioning related services and distinguish its services from other air conditioning

services and service providers.  *Id.* ¶ 14.  In addition, Plaintiff is the owner of federal and Florida

---

[1]  The background facts are taken from the First Amended Complaint ("FAC") (ECF No. 24) and accepted as true for purposes of ruling on this Motion.  *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

state trademark registrations directed to the text "Air Around the Clock" in standard characters. *Id.* ¶¶ 18–19.

After Plaintiff adopted and continuously used the Trademark, Defendants[2] began marketing, selling, offering for sale, and/or advertising their air conditioning related services in Florida using the phrase "Air Around the Clock" without Plaintiff's authorization. *Id.* ¶¶ 25, 28. Defendants' use of the Trademark to promote its air conditioning related services, which compete with Plaintiff's services, causes a likelihood of confusion, mistake, or deception as to whether Defendants' services are sponsored, affiliated, or approved by Plaintiff. *Id.* ¶ 37.

On December 18, 2019, Plaintiff filed the FAC, alleging claims for (1) trademark infringement pursuant to 15 U.S.C. § 1114; (2) unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125; (3) deceptive and unfair trade practices pursuant to Florida Statute §§ 501.201 *et seq.*; and (4) trademark infringement pursuant to Florida Statute § 495.131. *See* FAC ¶¶ 44–66. Now, the Individual Defendants move to dismiss Plaintiff's FAC, or in the alternative, dismiss the Individual Defendants from the action.[3] *See* Mot. at 1.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

---

[2]   The Court's uses the term "Defendants" herein to refer to Defendants Anthony, Douglas, and Air Pros collectively.

[3]   Air Pros filed an answer and affirmative defenses to the FAC and does not join in this Motion. (ECF No. 32). Accordingly, the Court only considers whether the FAC should be dismissed with respect to the Individual Defendants.

*Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted).  The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007).  A pleading that offers "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   DISCUSSION

The Individual Defendants move to dismiss Plaintiff's FAC, arguing that the FAC (1) fails to state a claim against them because Plaintiff only provides conclusory allegations as to the Individual Defendants' conduct; and (2) is an impermissible shotgun pleading.  *See generally* Mot. In response, Plaintiff argues that the FAC (1) sufficiently states a claim against the Individual Defendants; and (2) is not a shotgun pleading.  *See generally* Resp.  The Court addresses the Individual Defendants' arguments in turn.

### A.     Plaintiff's FAC States a Claim Against the Individual Defendants

The Individual Defendants argue that Plaintiff fails to allege any non-conclusory facts supporting that the Individual Defendants are individually liable for the alleged trademark infringement.[4]  Mot. at 5–7.  In response, Plaintiff argues that the Individual Defendants' officer

---

[4]  Plaintiff's claims against Defendants for unfair competition and false designation of origin, and deceptive and unfair trade practices rely on Defendants' alleged trademark infringement.  *See* FAC ¶¶ 51–56, 59. Therefore, the instant issue is whether Plaintiff states a claim against the Individual Defendants for trademark infringement such that the Individual Defendants are individually liable.

3

positions within Air Pros and expertise allow the Court to infer that the Individual Defendants are individually liable for the alleged trademark infringement.  Resp. at 5–7.

"If an individual actively and knowingly caused the trademark infringement, he is personally responsible."  *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991).  "Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil."  *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (citation omitted).  "The individual liability standard does not ask whether the individual participated or engaged in some infringing act; instead, it asks whether he actively participated as a moving force in the *decision* to engage in the infringing acts, or otherwise caused the infringement as a whole to occur."  *Chanel, Inc.*, 931 F.2d. at 1478 n.8.

Here, Plaintiff alleges that the Individual Defendants are the owners of Air Pros and actively participated in and approved the decision to use the allegedly infringing mark.  FAC ¶¶ 31.  In further support of that allegation, Plaintiff attaches to the FAC a Miami Herald article from February 22, 2019, in which Anthony, who is identified as the President of Air Pros, describes himself as a marketer, from which the Court may infer that Anthony is involved in the decisions regarding marketing of Air Pros.  FAC, Ex. C.  Thus, taking Plaintiff's factual allegations as true and construing them in the light most favorable to Plaintiff, Plaintiff adequately alleges that the Individual Defendants are individually liable for trademark infringement.

**B.**     **The FAC Is Not an Impermissible Shotgun Pleading**

The Individual Defendants argue that the FAC is an impermissible shotgun pleading because each count incorporates by reference paragraph one (1) through forty-three (43) into the

count.[5]  Mot at 10.  In response, Plaintiff argues that the FAC is not a shotgun pleading because each count does not incorporate by reference all of the preceding paragraphs.  Resp. at 8–10.

The allegations in a complaint "must be simple, concise, and direct," Federal Rule of Civil Procedure 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Federal Rule of Civil Procedure 10(b).  A "shotgun pleading"— one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b).  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  It forces the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted.  *See Anderson*, 77 F.3d at 366–67.

The Court of Appeals for the Eleventh Circuit has described impermissible shotgun pleadings at length:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings.  The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does

---

[5]  The Individual Defendants also argue that the FAC is an impermissible shotgun pleading because it fails to specify which defendant is responsible for which acts or omissions and alleges conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Reply at 7–8.  However, the Individual Defendants raise these arguments for the first time in reply and therefore the Court will not consider them.  *See, e.g.*, *Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (internal quotation marks omitted) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."); *Sharpe v. Glob. Sec. Int'l*, 766 F. Supp. 2d 1272, 1294 n.26 (S.D. Ala. 2011) ("Because it is improper for defendant to raise this new argument in its reply brief, that argument will not be considered."); *Abrams v. Ciba Specialty Chems. Corp.*, 663 F. Supp. 2d 1220, 1232 n.16 (S.D. Ala. 2009) ("[N]ew arguments are impermissible in reply briefs.").

> not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citation omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the Individual Defendants' argument that the FAC is an impermissible shotgun pleading because it incorporates paragraphs one (1) through forty-three (43) into each count is unpersuasive. Although Plaintiff incorporates paragraphs one (1) through forty-three (43) into each count, the allegations in those paragraphs are relevant to each count. Plaintiff alleges claims for trademark infringement under federal and state law; unfair competition and false designation of origin based on the conduct underlying the alleged trademark infringement; and deceptive and unfair trade practices based on the conduct underlying the alleged trademark infringement. *See* FAC ¶¶ 44–66. Therefore, the incorporated paragraphs alleging the facts underlying the trademark infringement are relevant to each count. A dismissal under Rules 8(a)(2) and 10(b) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Anderson,* 77 F.3d at 366 (emphasis added). No such impossibility exists here. Accordingly, the FAC is not an impermissible shotgun pleading because it adequately provides the Individual Defendants notice of the claims against them and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1325.

6

## IV.     CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants Anthony Perera and Douglas Perera, Sr.'s Motion to Dismiss (ECF No. 31) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  7th  day of May, 2020.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE


c: All counsel of record