**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Civil Action No.: 0:19-cv-62437-KMM

| | |
|---|---|
| AROUND THE CLOCK A/C SERVICE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY PERERA, DOUGLAS PERERA, SR., | ) |
| and AIR PROS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT AIR PROS**
**TO PRODUCE REQUESTED FINANCIAL INFORMATION**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 37, Plaintiff Around the Clock A/C Service, LLC, respectfully requests that the Court compel Defendant Air Pros LLC to produce its sales, revenue and advertising information in response to Plaintiff's Interrogatory Numbers 8, 9, and 10 and Requests for Production Numbers 15, 16, and 17.

## I. BACKGROUND

This case generally arises out of Defendant Anthony Perera's and Defendant Douglas Perera, Sr.'s, and Defendant Air Pros LLC's (collectively, "Defendants") recent activities which involve using the phrase "Air Around the Clock" in marketing, advertising, or otherwise promoting its competing air conditioning related services. Plaintiff is a well known provider of air conditioning related services and has continually used, *inter alia*, the composite term AIR AROUND THE CLOCK for over thirty years to identify and distinguish its air conditioning related services. Plaintiff owns both federal and Florida state registrations for a standard character AIR AROUND THE CLOCK mark (as well as for a stylized design AIR AROUND THE CLOCK mark). Plaintiff's federal trademark registration for the standard character AIR AROUND THE CLOCK mark is incontestable.

Last year, Plaintiff observed that Defendants were using in commerce the phrase "Air Around the Clock" on at least a webpage on its website in a manner which creates the appearance that Defendants, or their services, are sponsored by, or associated with, or otherwise endorsed by Plaintiff and/or that Defendants are affiliated with Plaintiff. In light of Plaintiff's longstanding use of the AIR AROUND THE CLOCK mark to identify its air conditioning related services business, Plaintiff brought the instant action asserting claims of trademark infringement under federal law and trademark infringement and unfair trade practices under state law to prevent Defendants, who are and represent a competing provider of air conditioning related services, from attempting to create and capitalize on confusion in the marketplace. Subsequent to filing suit, Plaintiff has learned that Defendants use of Plaintiff's trademark on a webpage was actually just the tip of the iceberg and that Defendants have actually engaged in a other activities which illegally made use of Plaintiff's mark to mislead consumers who are looking for Plaintiff. This included a sophisticated online advertising scheme which operated to redirect consumers who search online for Plaintiff to landing pages or telephone numbers that, at minimum, obscure the fact that such landing pages and telephone numbers do not belong to and are not connected with Plaintiff.

## II. SUMMARY OF ISSUE

In the instant motion, Plaintiff seeks an order directing Defendant Air Pros to produce financial information related to its sales, revenue, and advertising in response to certain interrogatory and requests for production. Plaintiff seeks this information as it is not just relevant to, but it is in fact is a defined element of the complete measure of damages which may be available to Plaintiff in this case. Under the proportionality standard, there is simply no grounds on which objection to producing such information that is so directly relevant to Plaintiff's claims can be sustained.

## III. DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure authorizes this court to grant the relief requested. If a party fails to answer a request for production, the discovering party may move for an order compelling a response. *Bank of Mongolia v. M & P Global Financial Services, Inc*., 258 F.R.D. 514, 521 (S.D.Fla. 2009). Motions to compel discovery under Rule 37 are committed to the sound discretion of the trial court. *Id*. "Rule 37 authorizes a trial court to award expenses including reasonable attorneys' fees, to the prevailing party when a motion is made for an order compelling discovery." *Devaney v. Continental American Insurance Co*., 989 F.2d 1154, 1159 (11th Cir. 1993).

A party is entitled to the facts relevant to the litigation. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc*., 206 F.R.D. 518, 520 (S.D. Fla. 2002). Information is relevant if it is germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence. *Donahay v. Palm Beach Tours & Transp., Inc*., 242 F.R.D. 685, 687 (S.D. Fla. 2007)(internal quotation omitted). Relevant information need not be admissible at trial, but rather discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (*referencing Hickman v. Taylor*, 329 U.S. 495, 501 (1947) ). Indeed, "[d]iscovery is not limited to the issues raised by the pleadings because 'discovery itself is designed to help define and clarify the issues.'" *Henderson v. Holiday CVS, L.L.C*., 269 F.R.D. 682, 685 (S.D. Fla. 2010)(*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)(emphasis added).

At issue are Interrogatories 8, 9, and 10 from Plaintiff's First Set of Interrogatories to Defendant Air Pros and Requests 15, 16, and 17. These interrogatories and requests, as well as the responses provided, are as follows:

INTERROGATORIES

8. State the total sales made by You in terms of both units for type of product or service and dollar volume year by year for the past four (4) years.

> **RESPONSE**: Air Pros objects to this interrogatory on grounds that is overly broad, unduly burdensome, and not relevant or proportional to the needs of the case. First, Air Pros was founded in 2017, and therefore does not have sales records for the past four (4) years. Second, unlike the sale of goods—where there would be evidence of a particular alleged infringing item that would have been sold; here, Air Pros services are not distinguishable from Plaintiff's to the extent they both repair and install cooling and heating systems. Air Pros agrees to work towards a good faith narrowing of this interrogatory.

9. State the total revenue, income and/or net profit received by You year by year for the past four (4) years.

> **RESPONSE**: *See* Response to Interrogatory No. 8.

10. State the total dollar amount You have spent, if any, year by year through the present, and intends to spend in the next 12 months, in advertising and promoting your air conditioning products and services.

> **RESPONSE**: Air Pros objects to this interrogatory on the grounds that the advertising budget and expenditures are not relevant or proportional to the needs of this case. The amount of money Air Pros spends on its advertising is not relevant to whether Air Pros infringed on Plaintiff's trademark and any results of said purported infringement.

REQUESTS

> 15.   Documents sufficient to show all sales, by month, year or any other applicable period of time for which data is available to You for the last four (4) years.
>
> > **RESPONSE**: Air Pros objects to this request on grounds that is overly broad, unduly burdensome, and not relevant or proportional to the needs of the case. First, Air Pros was founded in 2017, and therefore does not have sales records for the past four (4) years. Second, unlike the sale of goods—where there would be evidence of a particular alleged infringing item that would have been sold; here, Air Pros services are not distinguishable from Plaintiff's to the extent they both repair and install cooling and heating systems. Air Pros agrees to work towards a good faith narrowing of this request.
>
> 16.   Documents sufficient to show, on a yearly and per product and/or service basis, all gross revenue generated by You for the last four (4) years.
>
> > **RESPONSE**: *See* Response to Request No. 15.
>
> 17.   All business records reflecting your annual advertising expenditures -- actual and budgeted for the last four (4) years, and all business records in the ordinary course of business relied on to ascertain such information.
>
> > **RESPONSE**: Air Pros objects to this request on the grounds that the advertising budget and expenditures are not relevant or proportional to the needs of this case. The amount of money Air Pros spends on its advertising is not relevant to whether Air Pros infringed on Plaintiff's trademark and any results of said purported infringement.

These responses were served on May 21, 2020. On June 19, 2020, Plaintiff sent an email to Defendants' counsel explaining Plaintiff's position that under 15 U.S.C. § 1117(a), these requests were directly relevant and Plaintiff is entitled to substantive responses. On June 22, Plaintiff's counsel and Defendants' counsel agreed to meet and confer about the dispute on June 24 and also agreed to stipulate to a 7 day extension to the 30 day window for presenting discovery disputes under Local Rule 26.1(g), as referenced by this Court's General Order on Discoery Objections and Procedures. [DE 8], at II.D. The parties spoke by telephone on June 24 concerning the law and facts surrounding the issue, and Defendants' counsel followed up on June 25 and advised that after performing additional research, it did not think Plaintiff was entitled to the requested financial information.

As noted above, however, Plaintiff has asserted, *inter alia*, a claim from trademark infringement under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act"). This claim is based on Defendants' infringement of Plaintiff's federally registered trademark, AIR AROUND THE CLOCK (Reg. No. 3,923,076). It is well established that

"[u]nder the Lanham Act, damages for trademark infringement may include (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the cost of the action." *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008)(quoting *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1564 (11th Cir. 1986)); 15 U.S.C. § 1117(a). Furthermore, the Lanham Act in § 1117 expressly states that "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a); *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1290 (S.D. Fla. 2010). Thus, a defendant's profits, the sales figures from which those profits can be derived, and expenses incurred by a defendant in making such sales (such as advertising expenses) <u>are directly relevant to the damages calculation</u> for a trademark infringement claim under the Lanham Act.

Because of this direct relevance, the requested financial information is of utmost importance of the issues at stake in the action and resolving these issues. Moreover, the amount in controversy is relatively large, likely in the tens or hundreds of thousands, and Plaintiff has no other way to obtain this information. And with the minimal showing made by Defendant Air Pros' as to why Plaintiff should not be entitled rto discover this information, which essentially turned on its view of the merits of the case, all of the major factors relating to proportionality weigh heavily in Plaintiff's favor and Defendant Air Pros' position that the discovery lacks proportionality to the needs of the case should be rejected out of hand.

Accordingly, Defendant Air Pros' position clearly lacks merit and they should be ordered to provide a substantive response to the cited discovery requests, along with such other and further relief as the Court finds just and proper, including under Fed.R.Civ.P. 37(a)(5).

## IV. RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiff Around the Clock A/C Service, LLC, respectfully requests that this Honorable Court:

A. Enter and Order Granting Plaintiff's Motion, overruling Defendant Air Pros, LLC's objections to Interrogatories 8, 9, and 10, and Requests 15, 16, and 17 and ordering Defendant Air Pros, LLC to provide substantive and complete responses thereto; and

B. Award Plaintiff as the moving party its reasonable expenses incurred in making the motion, including attorney's fees, based on a finding that Defendant Air Pros, LLC's nondisclosure was not substantially justified.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

On this 29th day of June, 2020.

                Respectfully submitted,

                By: /s/ James Keys, III
                Elias R. Hilal, Esq. (FBN 60,337)
                E-mail Address: elias.hilal@erhlaw.com
                LAW OFFICE OF ELIAS R. HILAL, PA
                633 SE 3rd Ave Ste 301
                Fort Lauderdale, Florida 33301
                Telephone: (954) 463-2065
                Facsimile:  (954) 861-4746

                -and-

                James G. Keys, III, Esq. (FBN 63,943)
                E-mail Address: mail@keyslawfirm.com
                THE KEYS LAW FIRM, PLLC
                3350 SW 148th Ave, Ste 110
                Miramar, Florida 33027
                Telephone: (954) 519-2041
                Facsimile:  (954) 519-2042
                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2020, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL DEFENDANT AIR PROS TO PRODUCE REQUESTED FINANCIAL INFORMATION** was served on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

Plaintiff
**AROUND THE CLOCK A/C SERVICE, LLC**

By: /s/ James Keys III
Elias R. Hilal
James Keys, III

**SERVICE LIST**

Daniel J. Simon
danny@lslawpl.com

James M. Slater
james@lslawpl.com

LALCHANDANI SIMON PL
25 S.E. 2nd Avenue, Suite 1020
Miami, Florida 33131
(305) 999-5291 (office)
(305) 671-9282 (fax)

*Counsel for Defendants*