**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-62437-MOORE/Hunt

AROUND THE CLOCK A/C
SERVICE, LLC,

    Plaintiff,

v.

AIR PROS, LLC, *et al.*,

    Defendant.

**AIR PROS, LLC'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL REQUESTED FINANCIAL INFORMATION**

Defendant Air Pros, LLC ("Air Pros"), files this response in opposition to Plaintiff's Motion to Compel Request Financial Information [Dkt. 53].

**I.   INTRODUCTION AND BACKGROUND**

Plaintiff and Air Pros are competitors in the air-conditioning installation, repair, and maintenance industries. [*See* Dkt. 24 ¶¶ 13, 34, 37]. Plaintiff alleges that Air Pros began using the phrase "air around the clock," to promote Air Pros' services, a phrase Plaintiff asserts trademark rights in. [*See id.* ¶¶ 18, 19, 25].

Plaintiff claims that Air Pros used a webpage on its website to create the appearance that Air Pros was affiliated with Plaintiff.

Plaintiff broadly seeks documents related to Air Pros sales, revenue, and advertising budgets. Pl.'s Mot. p. 3. Specifically, Plaintiff seeks to obtain information concerning: Air Pros' total sales for the past four years; "total revenue, income and/or net profit" over the past four years; and the total dollar amount spent each year for the last four years (but without a temporal scope in the interrogatories) as well as including prospective amounts for the next 12 months, for advertising and marketing. *Id.* pp. 4–5.

Air Pros objected to these requests and interrogatories on grounds of overbreadth, burden, and relevance. Plaintiff contends it needs these documents to prove its damages under 15 U.S.C. § 1117(a). *See id.* at p. 6. As detailed below, Air Pros has produced all documents evidencing potentially infringing sales and has produced deductions or expenses therefrom. Any further inquiry into the full sales and revenues of Air Pros' services goes beyond what is necessary here; such inquiry is too broad and fails the relevance and proportionality tests.

## II.    ARGUMENT

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Notwithstanding, discovery must be relevant. *See Luxottica Group S.p.A. v. EZ Pawn Fla., Inc.*, No. 6:16-cv-729-Orl-18TBS, 2016 U.S. Dist. LEXIS 146551, at *3 (M.D. Fla. Oct. 17, 2016) (Smith, Mag. J.)("requiring relevance to a claim or defense signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (quotations and alterations omitted).

The discovery Plaintiff seeks relates to its claims under the Lanham Act. *See* Pl.'s Mot. pp. 5–6. The Lanham Act allows a prevailing plaintiff to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.*

To show "defendant's profits" under section 1117(a), a plaintiff "meets its evidentiary burden by presenting evidence of the defendants' <u>revenues from infringing sales</u>." *Red Bull Gmbh v. Co. V.*, No. 06-20948-CIV-JORDAN, 2007 U.S. Dist. LEXIS 111694, at *2 (S.D. Fla. Feb. 13, 2007) (emphasis supplied). The burden then shifts to the defendants to offer evidence of deductions from gross sales. *See Wesco Mfg. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987).

In meeting and conferring with Plaintiff's counsel, counsel for Air Pros explained that, notwithstanding the objections, it had already produced a list of <u>all</u> customers and potential customers who either (1) referenced the term "air around the clock" as captured in the third-party platform ServiceTitan that Air Pros uses to track customer interaction with its personnel or (2) had entries flagged as "Eforce – Competitor Ad – Air Around the Clock."[1] The information provided—which Air Pros has now supplemented after receiving additional data from ServiceTitan directly—is the entire universe of potentially infringing sales. *See Red Bull*, 2007 U.S. Dist. LEXIS 111694, at *2. Further, Air Pros has produced all correspondence with EForce related to Plaintiff or its mark, which includes the amount spent and revenue derived from the EForce marketing campaign at issue.[2] Plaintiff's contention that it—a direct competitor—needs more financial information is not in accord with the law.

Further, because Air Pros must prove all elements of costs or deductions related to alleged infringing sales, Air Pros concedes that its advertising and marketing budget spent on the EForce campaign is relevant. Notwithstanding the objections it made, as referenced above, Air Pros has produced all correspondence with EForce, which includes the amounts spent on advertising and revenues generated from the EForce campaign.

Plaintiff asserts that "defendant's profits, the sales figures from which those profits can be derived, and expenses incurred by a defendant in making such sales (such as advertising expenses) are directly relevant to the damages calculation for a trademark infringement claim under the Lanham Act." Pl.'s Mot. p. 6. Plaintiff is correct that profits and expenses related to *infringing sales* are relevant here; but Air Pros has already produced documents evidencing all potential infringing sales and revenues and expenses connected to the sales. What Plaintiff seeks

---

[1] EForce is a third-party marketer that initiated a competitor ad campaign related to Plaintiff.

[2] Air Pros produced these documents in native .eml files, which Air Pros marked as confidential. Air Pros can provide any of these emails to the Court for *in camera* inspection (or through other means desired by the Court) to assist in its adjudication of this issue.

3

instead is a detailed look at its direct competitor's finances and marketing spends, not just those related to the alleged infringement. Here, where Air Pros has been able to provide documents sufficient to show *infringing* sales, revenues, and expenses, Plaintiff cannot assert that other financial documents are relevant or proportional to the needs of this case.

### III. CONCLUSION

Because Air Pros has identified all potentially infringing sales and has produced documents evidencing the amount spent on its EForce marketing campaigns and revenues generated therefrom, additional discovery as to Air Pros' revenues, profits, and advertising spends is neither relevant nor proportional to the needs of this case. Any discovery unrelated to the customers identified is unwarranted under these circumstances. Accordingly, this Court should (1) deny Plaintiff's Motion to Compel [Dkt. 53] and (2) award reasonable expenses incurred in opposing the motion under Rule 37(a)(5)(B).

Dated:  July 6, 2020

Respectfully submitted:

**LALCHANDANI SIMON PL**
25 S.E. 2nd Avenue, Suite 1020
Miami, Florida 33131
(305) 999-5291 (office)
(305) 671-9282 (fax)

By: */s/ Daniel J. Simon*
Daniel J. Simon (FBN 16244)
danny@lslawpl.com
James M. Slater (FBN 111779)
james@lslawpl.com

*Attorneys for Air Pros*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF, which effectuated service on all counsel of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: */s/ Daniel J. Simon*
Daniel J. Simon