**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-62437-KMM

AROUND THE CLOCK A/C
SERVICE, LLC,

    Plaintiff,

v.

AIR PROS, LLC, *et al.*,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Air Pros, LLC, Anthony Perera, and Douglas Perera, Sr. (collectively, "Defendants") respond to Plaintiff's Second Amended Complaint ("SAC") as follows:

### NATURE OF ACTION

1.    Defendants deny the allegations contained in paragraph 1 of the SAC.

2.    Defendants deny the allegations contained in paragraph 2 of the SAC.

3.    In response to the allegations contained in paragraph 3 of the SAC, Defendants admit that this purports to be an action for injunctive and other relief under the Lanham Act and other laws, but deny that Plaintiff is entitled to any such relief and all other allegations contained therein.

### PARTIES

4.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the SAC.

5.    In response to the allegations contained in paragraph 5 of the SAC, Defendants admit that Anthony Perera is the President and owner of Air Pros LLC, that he is over the age of 18, and that he resides in Broward County, Florida, but deny all other allegations contained therein.

6. In response to the allegations contained in paragraph 6 of the SAC, Defendants admit that Douglas Perera, Sr. is the co-founder and service manager of Air Pros LLC, that he is over the age of 18, and that he resides in Broward County, Florida, but deny all other allegations contained therein.

7. In response to the allegations contained in paragraph 7 of the SAC, Defendants admit that Air Pros, LLC's principal place of business is in Broward County, Florida, but deny all other allegations contained therein.

8. Defendants deny the allegations contained in paragraph 8 of the SAC.

## JURISDICTION AND VENUE

9. In response to the allegations contained in paragraph 9 of the SAC, Defendants admit that this purports to be an action under the Lanham Act and state law, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367, but deny that Plaintiff is entitled to any such relief and further deny all other allegations contained therein.

10. In response to the allegations contained in paragraph 10 of the SAC, Defendants admit that this Court has personal jurisdiction over the Defendants, but denies all other allegations contained therein.

11. In response to the allegations contained in paragraph 11 of the SAC, Defendants admits that venue is proper, but denies all other allegations contained therein.

## FACTUAL BACKGROUND

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the SAC.

13. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the SAC.

14. Defendants deny the allegations contained in paragraph 14 of the SAC.

15. Defendants deny the allegations contained in paragraph 15 of the SAC.

16. Defendants deny the allegations contained in paragraph 16 of the SAC.

17. Defendants deny the allegations contained in paragraph 17 of the SAC.

18. Defendants deny the allegations contained in paragraph 18 of the SAC. It appears that the original applicant of the registrant of the trademark referenced in paragraph 18 committed a fraud on the U.S. Patent and Trademark Office ("USPTO") when, upon information and belief, it made knowingly false representations under penalty of perjury in connection with the trademark application referenced in paragraph 18, and because the applicant knew that disclosure of the true facts, if disclosed, would have resulted in the USPTO refusing registration.

19. Defendants deny the allegations contained in paragraph 19 of the SAC. It appears that the applicant of the trademark referenced in paragraph 19 committed fraud on the State of Florida when, upon information and belief, it made knowingly false representations under penalty of perjury in connection with the trademark application, and because the applicant knew that disclosure of the true facts, if disclosed, would have resulted in the State of Florida refusing registration. Indeed, certain facts stated in the state trademark application are contradictory to similar statements made in connection with the federal trademark registration referenced in paragraph 18.

20. Defendants deny the allegations contained in paragraph 20 of the SAC. As alleged in response to the allegations contained in paragraph 18, Defendants have reason to believe that the registration at issue was procured through fraud, and as a result, the registration at issue is void.

21. Defendants deny the allegations contained in paragraph 21 of the SAC.

22. Defendants deny the allegations contained in paragraph 22 of the SAC. As alleged in response to the allegations contained in paragraph 18, Defendants have reason to believe that the registration at issue was procured through fraud, and as a result, the registration at issue is void.

23. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the SAC.

24. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the SAC.

25. Defendants deny the allegations contained in paragraph 25 of the SAC.

26. Defendants deny the allegations contained in paragraph 26 of the SAC.

27. Defendants deny the allegations contained in paragraph 27 of the SAC.

28. Defendants deny the allegations contained in paragraph 28 of the SAC.

29. Defendants deny the allegations contained in paragraph 29 of the SAC.

30. Defendants deny the allegations contained in paragraph 30 of the SAC.

31. Defendants deny the allegations contained in paragraph 31 of the SAC, and further deny that the newspaper article attached to the SAC as Exhibit C supports the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32 of the SAC.

33. Defendants deny the allegations contained in paragraph 33 of the SAC, and further deny that the newspaper articles attached to the SAC as Exhibit C supports the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34 of the SAC.

35. Defendants deny the allegations contained in paragraph 35 of the SAC.

36. Defendants deny the allegations contained in paragraph 36 of the SAC.

37. Defendants deny the allegations contained in paragraph 37 of the SAC.

38. Defendants deny the allegations contained in paragraph 38 of the SAC.

39. Defendants lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39 of the SAC.

40. Defendants deny the allegations contained in paragraph 40 of the SAC.

41. Defendants deny the allegations contained in paragraph 41 of the SAC.

42. Defendants deny the allegations contained in paragraph 42 of the SAC.

43. Defendants deny the allegations contained in paragraph 43 of the SAC.

44. Defendants lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the SAC relating to the nature of Plaintiff's relationship with its counsel, and deny all other allegations contained therein.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

45. In response to the allegations in paragraph 45 of the SAC, Defendants repeat their responses to paragraphs 1 through 44 of the SAC.

46. Defendants deny the allegations contained in paragraph 46 of the SAC. As alleged in response to the allegations contained in paragraph 18, Defendants has reason to believe that the registration at issue was procured through fraud, and as a result, the registration at issue is void.

47. Defendants deny the allegations contained in paragraph 47 of the SAC.

48. Defendants deny the allegations contained in paragraph 48 of the SAC.

49. Defendants deny the allegations contained in paragraph 49 of the SAC.

50. Defendants deny the allegations contained in paragraph 50 of the SAC.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125

51. In response to the allegations in paragraph 51 of the SAC, Defendants repeat their responses to paragraphs 1 through 44 of the SAC.

52. Defendants deny the allegations contained in paragraph 52 of the SAC.

53. Defendants deny the allegations contained in paragraph 53 of the SAC.

54. Defendants deny the allegations contained in paragraph 54 of the SAC.

55. Defendants deny the allegations contained in paragraph 55 of the SAC.

56. Defendants deny the allegations contained in paragraph 56 of the SAC.

57. Defendants deny the allegations contained in paragraph 57 of the SAC.

58. Defendants deny the allegations contained in paragraph 58 of the SAC.

## COUNT III
## DECEPTIVE AND UNFAIR TRADE PRACTICES
## UNDER FLA. STAT. §§ 501.201 et seq.

59. In response to the allegations in paragraph 59 of the SAC, Defendants repeat their responses to paragraphs 1 through 44 of the SAC.

60. Defendants deny the allegations contained in paragraph 60 of the SAC.

61. Defendants deny the allegations contained in paragraph 61 of the SAC.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER FLA. STAT. §495.131

62. In response to the allegations in paragraph 62 of the SAC, Defendants repeat their responses to paragraphs 1 through 44 of the SAC.

63. Defendants deny the allegations contained in paragraph 63 of the SAC.

64. Defendants deny the allegations contained in paragraph 64 of the SAC. As indicated in response to the allegations contained in paragraph 19, it appears that the applicant of the trademark referenced in paragraph 64 committed fraud on the State of Florida when, upon information and belief, it made knowingly false representations under penalty of perjury in connection with the trademark application, and because the applicant knew that disclosure of the true facts, if disclosed, would have resulted in the State of Florida refusing registration. Indeed, certain facts stated in the state trademark application are contradictory to similar statements made in connection with the federal trademark registration referenced in paragraph 18.

65. Defendants deny the allegations contained in paragraph 65 of the SAC.

66. Defendants deny the allegations contained in paragraph 66 of the SAC.

67. Defendants deny the allegations contained in paragraph 67 of the SAC.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief. Defendants deny all allegations that have not been admitted or to which Defendants has not otherwise responded.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The SAC fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the claims.

### Third Affirmative Defense

Plaintiff lacks standing to assert the claims in the SAC.

### Fourth Affirmative Defense

Plaintiff failed to join an indispensable party.

### Fifth Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands, including without limitation, claiming to have rights that were predicated upon the commission of a fraud on the U.S. Patent and Trademark Office.

### Sixth Affirmative Defense

Plaintiff's claims for relief are barred by virtue of Plaintiff's failure to comply with the requirements of the Lanham Act, 15 U.S.C. §1051 et seq.

### Seventh Affirmative Defense

Plaintiff's claims for damages and attorney's fees are barred by virtue of Plaintiff's failure to properly mark its trademarks.

### Eighth Affirmative Defense

Plaintiff's claims for damages and attorney's fees are barred by virtue of Plaintiff's failure to satisfy the notice requirements under 15 U.S.C. §1111.

### Ninth Affirmative Defense

Plaintiff's trademark registrations are void due to fraud on the U.S. Patent and Trademark Office and the State of Florida.

<u>Tenth Affirmative Defense</u>

Plaintiff's claims for damages are barred by virtue of Plaintiff's failure to take reasonable steps to mitigate its alleged damages.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims for relief are barred under 15 U.S.C. §1115(b)(4), the doctrine of descriptive fair use.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor Defendants and against Plaintiff on all claims; Defendants also respectfully request an award of reasonable attorney's fees pursuant to 15 U.S.C. §1117 and Florida Statutes §§ 501.2105 and 495.141, and costs. Finally, Defendants respectfully request such additional relief as this Court deems to be just and proper.

Dated:  July 13, 2020.

Respectfully submitted:

**LALCHANDANI SIMON PL**
25 S.E. 2nd Avenue, Suite 1020
Miami, Florida 33131
(305) 999-5291 (office)
(305) 671-9282 (fax)

By: <u>*/s/ Daniel J. Simon*</u>
Daniel J. Simon (FBN 16244)
danny@lslawpl.com
James M. Slater (FBN 111779)
james@lslawpl.com
*Attorneys for Air Pros*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 13, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF, which effectuated service on all counsel of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: <u>*/s/ Daniel J. Simon*</u>
Daniel J. Simon