**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-62437-KMM

AROUND THE CLOCK A/C
SERVICE, LLC,

    Plaintiff,

v.

AIR PROS, LLC, *et al.*,

    Defendants.

## SECOND JOINT MOTION TO MODIFY SCHEDULING ORDER

The parties jointly move the Court under Rule 16(b)(4) to modify the scheduling order to extend the discovery and pretrial motions deadlines by thirty (30) days. In support thereof, the parties state:

### BACKGROUND

1.  On June 15, 2020, the parties jointly moved to extend all trial deadlines based on circumstances related to the novel coronavirus and the parties' efforts to resolve the case. [Dkt. 51].

2.  On June 17, 2020, the court granted in part and denied in part the joint motion, finding the parties had not shown good cause to extend the deadlines but extending the deadlines to complete expert disclosures and discovery by fifteen days. [Dkt. 52].

3.  As noted in the parties' June 15, 2020, motion, the parties had already begun engaging in written discovery at the time the motion, but had, as a part of a good faith effort to navigate through the uncertainty caused by an unprecedented global pandemic, granted each other extensions to respective deadlines. Since June 17, 2020, the parties have continued its efforts and its good faith dealings in this regard, and diligently endeavored to complete all discovery within the extended deadline of July 30, 2020. The parties have issued and

responded to additional written discovery, met and conferred on various issues and provided supplemental discovery, engaged in third party discovery, commenced motion practice related to the written discovery. And now, with written discovery nearly completion, the parties have been working in good faith to schedule at least seven depositions in the next two weeks, including the depositions of the parties.

4. Notwithstanding the parties' ongoing efforts, several issues have arisen that are outside of the parties' reasonable ability to solve alone. As such, the parties respectfully request the Court extend the discovery and pretrial motions deadlines by and additional thirty days based on the following reasons.

5. The issues that have made finalizing discovery before July 30th impractical are primarily related to scheduling.

6. First, following the parties' efforts, in accordance with the requirements of this Court's Discovery Order [Dkt. 8], to resolve a dispute regarding Defendants' discovery requests, Plaintiff anticipates producing documents this week. Defendants needs these documents to depose Plaintiff and its principal, and until such documents are produced and analyzed, it would be ineffective to go forward with those depositions. As such, although Defendants' have noticed depositions for Plaintiff and its principal for next week (in an effort to be diligent in light of the existing deadlines), this timing leaves Defendants' with minimal time to review and analyze the production. Certainly, in Defendants' view, it would be helpful to have a full picture of Plaintiff's responsive documents before deposing Plaintiff, its principals, and any third parties.

7. Second, last week Plaintiff served deposition notices for each Defendant and of an employee of Defendant Air Pros for depositions occurring the last week of July. Plaintiff timed these depositions to be taken once substantially all written discovery was completed. A very important consideration in Plaintiff's timing was Plaintiff's pending motion to compel [Dkt. 53]. Plaintiff attempted to work with Defendants as far as dates for these depositions, but the parties were unable to work out dates that would give sufficient time for a ruling on the motion to

compel due to a couple of scheduling conflicts (discussed below) and so Plaintiff noticed dates unilaterally (in an effort to be diligent in light of the existing deadlines) with an agreement to keep attempting to work with Defendants on dates and times. Nonetheless, it remains possible that even with the dates that have been noticed, the issue raised in the motion to compel may not be resolved in time for the depositions and any documents produced as a result of the motion to compel, in Plaintiff's estimation, would be helpful prior to taking Defendants depositions.

8. Third, counsel for Defendants, Daniel Simon, has prepaid vacation plans that were arranged prior to this Court's June 17th order that extend through July 31st.

9. Fourth, Defendant Anthony Perera is unavailable the week Plaintiff has unilaterally noticed his deposition due to a separate arbitration proceeding occurring here in Miami. Mr. Perera is also unavailable directly after the discovery cutoff due to prepaid vacation plans to the Bahamas through the first week of August.

10. Fifth, because of the pre-existing constraints on the availability of counsel and various parties, the parties have scheduled mediation for August 10, which is 3 days after the dispositive motion deadline. The parties believe, however, that most efficiently use of the parties' resources and those of the Court would be if the dispositive motion deadline is moved to occur after the scheduled mediation.

11. And last, the recent spike in coronavirus here in Miami has further affected scheduling, discovery responses and deposition preparation due to precautions the parties are taking to avoid in-person meetings.

**ARGUMENT**

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse*

*Mortg. Solutions Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

The parties agree that this extension would not prejudice any party or the Court. Based on scheduling issues and outstanding discovery, it is unlikely the parties would be able to complete seven or more depositions within the next two weeks. Such rushed discovery is impractical and does not consider the realities of the parties' schedules and how those schedules have been affected during the pandemic.

## CONCLUSION

Accordingly, the parties respectfully request an extension of the discovery deadline through August 31, 2020 and the pretrial motions deadline through September 7, 2020. This motion is not brought for the purpose of delay and merely reflects the difficulties the parties are faced with considering schedules and the spike in coronavirus here in Florida. The parties respectfully request this modest extension to ensure that the parties can accomplish everything necessary to timely and efficiently advance the case.

Dated:  July 17, 2020.

Respectfully submitted:

| **WILLIAMS HILAL WIGAND GRANDE, PLLC**<br>Elias R. Hilal (FBN 60337)<br>elias.hilal@erhlaw.com<br>633 S.E. 3rd Avenue, Suite 301<br>Fort Lauderdale, Florida 33301<br>(954) 463-2065 (office)<br>(954) 861-4746 (fax)<br><br>**THE KEYS LAW FIRM, PLLC**<br>3350 S.W. 148th Avenue, Suite 110<br>Miramar, Florida 33027<br>(954) 519-2041 (office)<br>(954) 519-2042 (fax)<br><br>By: */s/ James G. Keys, III*<br>     James G. Keys, III (FBN 63943)<br>     mail@keyslawfirm.com<br><br>*Attorneys for Plaintiff* | **LALCHANDANI SIMON PL**<br>25 S.E. 2nd Avenue, Suite 1020<br>Miami, Florida 33131<br>(305) 999-5291 (office)<br>(305) 671-9282 (fax)<br><br>By: */s/ Daniel J. Simon*<br>     Daniel J. Simon (FBN 16244)<br>     danny@lslawpl.com<br>     James M. Slater (FBN 111779)<br>     james@lslawpl.com<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF COMPLIANCE WITH CM/ECF
<u>ADMINISTRATIVE PROCEDURE 3J(3)</u>**

I hereby certify that, pursuant to CM/ECF Administrative Procedure 3J(3), counsel for Plaintiff consented to the filing of this Second Joint Motion to Modify Scheduling Order.

By: <u>*/s/ Daniel J. Simon*</u>
Daniel J. Simon