UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62437-MOORE

AROUND THE CLOCK A/C
SERVICE, LLC,

    Plaintiff,

v.

ANTHONY PERERA, DOUGLAS
PERERA, SR., and AIR PROS, LLC,

    Defendants.

**DEFENDANT DOUGLAS PERERA SR.'S MOTION FOR SUMMARY JUDGMENT**

    Defendant Douglas Perera, Sr. ("D. Perera, Sr."), by and through undersigned counsel and pursuant to Rule 56, Fed. R. Civ. P., hereby moves for summary judgment, and in support thereof states as follows:

### I.     INTRODUCTION

    Douglas Perera, Sr., a co-founder of Air Pros, has been able to enjoy the fruits of his labor after he started Air Pros, a HVAC (heating, ventilation and air conditioning) company, in 2017 with his son Anthony Perera. He therefore has a very limited role at Air Pros, and very limited obligations. He is not in charge of and does not control Air Pros' day to day activities. He has no role with regards to customer interactions. He has no role with regards to marketing. Rather, Douglas Perera, Sr.'s role is limited to answering equipment price questions by Air Pros' service technicians. As explained below, this trademark dispute has nothing to do with him and this Court should grant summary judgment in his favor on all counts as there are no genuine issue of fact.

## II.    NOTICE OF JOINDER

D. Perera, Sr. provides notice that he joins the arguments of co-Defendant Anthony Perera and Air Pros, LLC, in their Motions for Summary Judgment, to the extent applicable to him. *See* [ECF No. __] (Anthony Perera's Motion for Summary Judgment); [ECF No. ___] (Air Pros LLC's Motion for Summary Judgment).

## III.    UNDISPUTED MATERIAL FACTS

D. Perera, Sr. refers to and incorporates his Statement of Material Facts ("SOMF") filed concurrent with this Motion pursuant to S.D. Fla. L.R. 56.1.

## IV.    STANDARD OF REVIEW

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To discharge this burden, the movant may point out to the court that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Rule 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). *See Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must present affirmative evidence to support its claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

V. **MEMORANDUM OF LAW**

Plaintiff seeks to hold D. Perera Sr. liable on four counts. The first two counts are based on the Lanham Act, codified at 15 U.S.C. §§ 1051-1127. Plaintiff brings Count I for trademark infringement under 15 U.S.C. § 1114 and brings Count II for unfair competition and false designation of origin under 15 U.S.C. § 1125. The second two counts are based on related Florida law. Count III for deceptive and unfair trade practices (FDUTPA) under Fla. Stat. § 501.201, et seq. and Count IV for trademark infringement under Fla. Stat. § 495.131. The test for the Florida claims are the same as their federal counterparts. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1344–45 (11th Cir. 2012); *Investacorp. Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1521 (11th Cir. 1991); *FIU Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 91 F. Supp. 3d 1265, 1288 (S.D. Fla. 2015).

Plaintiff contends in the Second Amended Complaint ("SAC") [ECF No. 57], that D. Perera Sr. is "a moving, conscious, and active force" behind the alleged infringement, and "actively participates in and approves the acts." (SAC, at ¶ 6). More specifically, Plaintiff contends that D. Perera Sr. used Plaintiff's mark on his or Air Pros' webpage and search engine advertising, (*id.* at ¶ 25), that he actively participated in and approved of the decision to use an exact reproduction of Plaintiff's mark, (*Id.* at ¶ 32), and that he identified Plaintiff as a competitor in a news publication. (*Id.* at ¶ 33).

This Court should grant summary judgment in D. Perera Sr.'s favor for three reasons. First, if there is no direct infringement by Air Pros' there can be no infringement by D. Perera Sr. Second, there is no contributory liability because D. Perera Sr. had no knowledge of the alleged infringements. Finally, third, there is no vicarious liability because D. Perera Sr. is not in charge of and does not control Air Pros' day to day activities, has no role regarding customer interaction or marketing, rather, his only role at Air Pros is providing price quotes to service technicians. As explained below, the evidence establishes that the salacious allegations in the SAC are simply not true and that there is no basis to hold D. Perera Sr. liable.

**A.     This Court Should Grant Summary Judgment in D. Perera Sr.'s Favor to the Extent this Court Grants Summary Judgment in Air Pros' Favor**

To the extent this Court grants summary judgment in Air Pros' favor on any issue, it must also grant summary judgment on the same issue in D. Perera Sr.'s favor.

Both contributory and vicarious infringements require someone to have directly infringed the copyright. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181 (10th Cir. 2009); *See Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004) ("Liability for contributory infringement is based on the defendant's relationship to the direct infringement. There can be no contributory infringement without a direct infringement." (citation omitted)). *See generally Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." (citations omitted)).

There is no allegation that D. Perera Sr. did anything separate and apart from Air Pros. Rather, Plaintiff focuses on D. Perera due to his association with Air Pros. Therefore, if there is no direct infringement by Air Pros' there can be no infringement by D. Perera Sr. Notwithstanding,

4

to the extent Plaintiff contends there is an allegation of direct liability, the legal analysis in Air Pros' Motion for Summary Judgment applies equally to D. Perera Sr. and the facts herein establish there is no liability.

**B.     This Court Should Grant Summary Judgment Because There is No Contributory Infringement by D. Perera Sr.**

A contributory infringer is "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) (quoting *Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F. 2d 1159, 1162 (2nd Cir. 1971)).

In this situation D. Perera Sr. has no knowledge of any infringing activity, did not supervise the alleged infringing activity, and has no role in anything related to marketing or customer interaction. (SOMF at ¶ ¶ 2–7). Rather, his role in Air Pros is limited to answering equipment price questions by Air Pros' service technicians. (*Id.* at ¶ 2). The entity that had a role related to Plaintiff's allegations is E Force Web, LLC. (*Id.* at ¶ 8–14). In sum, D. Perera Sr. neither knew nor should have known of the alleged infringement, and did not cause or materially contribute to the alleged infringement. *See generally* (SOMF).

Therefore, this Court should find that D. Perera Sr. is not liable for contributory infringement.

**C.     This Court Should Grant Summary Judgment Because There is No Vicarious Infringement by D. Perera Sr.**

A "corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994). *Metro-Goldwyn-Mayer Studios, Inc.*, 545 U.S. at 930 (vicarious infringement occurs "when the

defendant profits directly from the infringement and has a right and ability to supervise the direct infringer.").

The Eleventh Circuit has established two tests to determine personal liability for copyright infringement. *Playboy Enters., Inc. v. Starware Pub. Corp.*, 900 F. Supp. 438, 440–41 (S.D. Fla. 1995) (citing *S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)). First, a corporate officer or other individual is vicariously liable for copyright infringement if he "has the ability to supervise infringing activity" and "had a financial interest in that activity." *Id.* at 441 (citing *S. Bell Tel. & Tel. Co.*, 756 F.2d at 811). Alternatively, a corporate officer can be held liable for copyright infringement "based on his personal involvement and participation in the infringing activity." *Id.* (citing *S. Bell Tel. & Tel. Co.*, 756 F.2d at 811).

For example, in *Home Design Services*, the individual defendant, Gupta, was not personally liable for the alleged infringement of the defendant company, Park Square. *Home Design Servs. v. Park Square Enters.*, Nos. 6:02-cv-637-Orl-28JGG, 6:03-cv-595-Orl-28-JGG, 2005 U.S. Dist. LEXIS 33627, at *13 (M.D. Fla. May 2, 2005). Home Design alleged that the defendants copied architectural designs. *Id.* at *2. There, as a minority owner of Park Square, Gupta had a financial interest. However, the issue for the court was whether the individual had the ability to supervise the infringing activity. *Id.* at *14. The court explained that it was dispositive that the testimony from Gupta indicated that he "had no duties at Park Square, was not involved in any of the company's day-to-day operations, and, most critically, had no oversight responsibilities in relation to architectural design." *Id.* The plaintiff's contention that individual ownership of a company is a *per se* finding of vicarious liability, was rejected by the court: "This argument would, in essence, make owners of companies-even minority owners like Gupta-per se vicariously liable for the infringing activities of their companies, regardless of whether they had

any actual responsibility for, or even knowledge of, the infringing conduct." *Id.* at *15 n.6. Therefore, the court granted summary judgment to Gupta on the issue of his personal liability. *Id. See also New World Music Co. v. Tampa Bay Downs, Inc.*, No. 8:07-cv-398-T-33TBM, 2009 U.S. Dist. LEXIS 1221, at *36–37 (M.D. Fla. Jan. 6, 2009) (individual defendant and vice president's role was "primarily limited to the racing side of" the corporation's operations, as opposed to performance at the race track, and was therefore not vicariously liable for the established infringements).

The requirement of actual control is necessary to prevent *per se* imposition of liability on both an individua level as the court in *Home Design* recognized above, and on a parent-subsidiary level, as the court in *Klein* recognized. *Klien* explains that an interpretation which permits "potential to control," "inevitably leads to the conclusion that parent corporations are always vicariously liable for the infringements of their subsidiaries regardless of how separate their management." *Klien* and other courts have recognized that "this was not the intended result of the Copyright Act," and therefore "turned to an interpretation that requires actual control." *Klein & Heuchan, Inc. v. CoStar Realty Info., Inc*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010) (citing *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 778 F. 2d 89, 92 (2d Cir. 1985)). *See also New World Music Co.*, 2009 U.S. Dist. LEXIS 1221, at *35 ("A common theme running through the cases discussing right and ability to control is whether the defendant showed a high level of actual involvement in corporate operations that led to the infringement." (quoting *WB Music Corp. v. Once and For All, Inc.*, Case No. 2:06-cv-282 TC, 2008 U.S. Dist. LEXIS 44636, 2008 WL 2381732, at * 4 (D. Utah 2008))).

Analogously, in *Odom*, the court explained that the "undisputed evidence" showed that not only was the individual defendant the owner of the defendant corporation, FYI International, Inc.

("FYI"), but that he also "controlled FYI's day-today activities." *Odom v. Navarro*, No. 09-21480-CIV-UNGARO, 2010 U.S. Dist. LEXIS 151724, at *6 n.3 (S.D. Fla. Mar. 10, 2010). *See, e.g.*, *Playboy Enters.*, 900 F. Supp. 438 (finding that the individual defendant, as president and shareholder of the infringing corporation, was personally liable for copyright infringement under vicarious liability both because (i) he supervised the corporation's infringing activity and benefitted financially from the sale of the infringing pictures, and (ii) he admitted to authorizing the sale and use of the infringing pictures).

In this situation, D. Perera Sr. is not in charge of and does not control Air Pros' day to day activities. (SOMF, at ¶ ¶ 2–4). He did not supervise the alleged infringing activity, and has no role in anything related to marketing or customer interaction or website content or advertising. (*Id.*) Rather, his role in Air Pros is limited to answering equipment price questions by Air Pros' service technicians. (*Id.*). Moreover, besides posing for his picture, he had no role in the Miami Herald Article. (*Id.* at ¶ 5).

Therefore, this Court should find that D. Perera Sr. is not vicariously liable for trademark infringement.

## VI.    C<small>ONCLUSION</small>

**WHEREFORE**, for all of the reasons discussed above, and in the joinder in co-Defendant's Anthony Perera and Air Pros, LLC's Motions for Summary Judgment, D. Perera, Sr. respectfully requests entry of summary judgment in his favor and against Plaintiff on all its claims, in federal and state law.

Respectfully submitted,

**LALCHANDANI SIMON PL**
25 S.E. 2nd Avenue, Suite 1020
Miami, Florida 33131
(305) 999-5291 (office)
(305) 671-9282 (fax)

By: */s/ Daniel J. Simon*
    Daniel J. Simon (FBN 16244)
    danny@lslawpl.com
    Daniel E. Davis (FBN: 104970)
    *Attorneys Douglas Perera, Sr.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF, which effectuated service on all counsel of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: */s/ Daniel J. Simon*
    Daniel J. Simon